## ATTWOOD & WALKER v. FRICOT et als.

PLAINTIFFS having offered in evidence the book, where mining claims are recorded according to mining rules, to show title in the original locators, then offered the entry in that book of the transfer of said claims from such locators to the lessor of plaintiffs as proof of the fact of transfer. The Court below excluded this entry until proof *aliunde* of the transfer: *Held*, that this entry was inad-missible as proof of such transfer—there appearing no mining regulation which makes the entry by the Recorder primary evidence of the fact of transfer.

Such book was admissible to show compliance with the rules of the mining district, and this particular entry admissible to show compliance with the miners' rule requiring transfers to be recorded.

It being objected by plaintiff to a deposition—First. That the copy of the order of the Judge fixing the time for taking it did not mention the notice to be given the adverse party; Second, That no correct copy of said order was served; Third, That no sufficient notice to take the deposition was ever given, the objec-tion was overruled, "because the original order of the Judge, made on affidavit, fixed the time of notice at three days, and because plaintffs' counsel acknowl-edged service in writing of a copy thereof March 8th, 1859, more than three days before the taking of the deposition:" *Held*, that there was no error; that the objection assigned was matter for the Court, and its discretion was prop-erly exercised; that reasonable notice should be given of the time and place of taking testimony, but what is reasonable notice depends on the particular cir-cumstances.

Mining claims are held by possession, but that possession is regulated and defined by usage and local and conventional rules; and the "actual possession" which is applied to agricultural land, and which is understood to be a *possessio pedis* cannot be required in case of a mining claim, in order to give a right of action for the invasion of it.

A mining claim must be in some way defined as to limits, before the possession of or working upon part gives possession to any more than the part so possessed or worked. But when the claim is defined, and the party enters in pursuance

of mining rules and customs, the possession of part is the possession of the entire claim.

So, if a party enters upon a mining claim *bona fide*, under color of title, as under a deed or lease, the possession of part as against any one but the true owner or prior occupant is the possession of the entire claim described by the paper; and this. though the paper did not convey the title. A third person could not invade the possession of the party taking it under such circumstances, and set up, as against him, outstanding title in a stranger with which he had no connection.

The condition of the possessor in such instances is no worse than that of the occupant of other real estate, in which case the principle above stated applies. But this principle does not touch the case of an entry into possession in pursuance of mining rules and regulations, as for a forfeiture or abandonment, etc., but applies where possession is taken independently of such rules.

In suit for damages for an entry upon mining claims, and for perpetual injunction, etc.: *Held,* that it was error for the Court below to charge the jury that if they believed no injury or damage was done by defendants to plaintiffs, they would find for defendants; that such charge was calculated to mislead, inasmuch as the law presumes damages from a trespass, and under the charge, the jury might have decided the case upon this want of proof of plaintiffs' damages, instead of absence of proof of their title.

In such case the error being apparent, injury from the charge to the jury is presumed, unless respondent affirmatively repels the presumption.

APPEAL from the Fourteenth District.

Suit for damages for entering upon and working certain quartz mining claims, and for injunction restraining, etc.

In 1850 and 1851, Stevenson, Whitcomb, Peake, and others located a number of quartz claims on Massachusetts and New York Hills, near Grass Valley, Nevada county, and in accordance with the customs and regulations of miners in that locality, held and worked the same as a corporation, under the name of the Nevada County Gold Mining Company, until March 11th, 1853. On that day the company leased the claims to Hepburn & Attwood for ten years, and they took possession, held, and worked the same until December, 1858, when Hepburn transferred his leasehold estate to his co-lessee and one Walsh, who are plaintiffs here.

Sometime prior to the commencement of this suit, defendants entered upon the claim situated on New York Hill, and included in those leased—sunk shafts, run tunnels and drifts, and removed quartz rock, etc. Plaintiffs sue, claiming to be owners and posses-

sors.   Defendants answer, denying such ownership and possession, and averring title in themselves.

Upon the trial, plaintiffs offered in evidence the lease to them from the Nevada Gold Mining Company, a book purporting to be a book of record of mining claims, containing the record of the locacation of claims on New York Hill, numbered from one hundred and forty-four to one hundred and seventy-two, inclusive ; and also the entry in said book of the transfer of the claims from the original locators to the Nevada Gold Mining Company.   Defendants objected to the introduction of so much of the record as referred to this transfer.   Plaintiffs insisted that the record of transfer was evidence that such transfer had been made.   The Court excluded the entry of transfer until plaintiffs should prove by testimony *aliunde* that the transfer was in fact made by the parties in whose names the claims were recorded ; stating that on such proof being introduced plaintiffs would then be permitted to offer the record of transfer, to show a compliance with the mining rules.   Plaintiffs objected.

Plaintiffs also introduced proof of the usual mining customs and regulations as to taking up claims and recording the original location, and any transfers of the same.

Defendants offered in evidence the depositions of Hawes and others, taken March 12th, 1859, to which plaintiffs objected, because—1st, The copy of the order of the Judge, fixing the time for taking such depositions, did not mention the notice to be given. 2d, Because no correct copy of said order was served on plaintiffs or their attorney.   3d, Because no sufficient notice of the taking of such depositions was ever given to plaintiffs or their attorneys.   The objection was overruled ; and the reason assigned by the Court is, " Because the original order of the Judge, made on affidavit, fixed the time of notice at three days, and because counsel for plaintiffs acknowledged service in writing of a copy thereof on the eighth of March, 1859, more than three days before the taking of said deposition."   Plaintiffs excepted.

The instructions for defendants were :

1st. That to enable the plaintiffs to recover in this action, the jury must find from the evidence that the plaintiffs were in posses-

sion of the mining grounds in dispute at the time of the alleged grievances, and that such possession of plaintiffs was rightful as against defendants.

2d. That to maintain their action the possession of plaintiffs must be actual or constructive.

Actual possession is where a party has the exclusive control and dominion over and occupation of the property at the time of the alleged trespass.

Constructive possession is where the property is not in the actual occupation of any one, but where it rightfully belongs to the owner, and where the owner may take it into his own hands at his pleasure.

3d. That a party relying upon prior possession alone, must show such possession to be actual and exclusive.

4th. If the jury find from the evidence that the plaintiffs had not either the actual or constructive possession of the mining claims in dispute at the time of the alleged trespass, then they will find for defendants.

5th. That if the jury believe from the evidence that the mining claims on New York Hill, here sued for, were located and held by different persons; that the original locators never transferred their claims to the Nevada Gold Mining Company, the lessor of plaintiffs, then that plaintiffs acquired no constructive possession of said mining claims by virtue of the lease from the said mining company.

6. That the plaintiffs obtained no greater right or title to the claims mentioned in the lease than that which the lessor thereof had at the time when the same was made; and that if the lessor thereof had no right or title in the ground in dispute at that time, the said plaintiffs, the lessees, acquired none.

7th. That if the jury believe from the evidence that no injury or damage was committed or done by plaintiffs to defendants, then they will find for defendants.

To which instructions plaintiffs excepted generally. The jury found for defendants; judgment accordingly. Plaintiffs appeal.

*Henry Meredith*, for Appellants.

I.   The entry in the mining record was evidence, just as the

record of a deed is evidence of title.   The mining rules require all sales from the original locator to be recorded.   Such rules have the force of law.   (Pr. Act, sec. 621.)   By showing compliance with the mining rules, the actual possession by plaintiffs of part extended, by construction, over the whole.   (*Hicks* v. *Bell*, 3 Cal. 219.)

II.   The third, fifth, and seventh instructions given for respondents, are wrong.   Their substance is to make an inclosure, a *possessio pedis*, essential to the actual possession of a mining claim.   This is against the statute.   (Pr. Act, sec. 621; *Hicks* v. *Bell*, 3 Cal. 219.) · The mining regulations introduced in evidence, and the customs shown to be in force, provide for holding claims by staking out the same, and in a reasonable time working any part thereof.

The fifth instruction virtually is, that mining claims cannot be leased.   Besides, it implies that though defendants are trespassers, yet they may defend by setting up title in a third person, under whom they do not claim.

The seventh instruction is wrong, because it prevents recovery by plaintiffs unless they show actual damages.   The suit is trespass to try title.   The pleadings raise the issue of title; and if plaintiffs prove possession and title, and also entry by defendants, the law implies damages, and recovery could be had without showing actual damages.

*Dibble & Lansing*, for Respondents.

I.   The entry in a mining record of the location of claims, as to the time and place, has never been held to be evidence of location; but the parties are required to prove—1st, location; 2d, record notice thereof.   The same rule applies to transfers.   Proof must be made—1st, of an actual transfer; and 2d, of record notice.

II.   The reason given by the Court below for overruling the objection to the depositions of Hawes and others is conclusive.

III.   The exception to the instructions was general, without any specification of the grounds; but the instructions given were proper under the facts.

The first, second, third, and fourth instructions, although given in a separate form, are essential conclusions of the principles of law

4

as to what constituted such possession as would entitle plaintiffs to recover.  The fourth instruction being the result of and embracing the other three, covers the case so far as the question of possession is concerned.  (*Sunol* v. *Hepburn*, 1 Cal. 254; *O' Callaghan* v. *Booth*, 6 Id. 63; *Partridge* v. *McKinney*, 10 Id. 181; *Hicks* v. *Bell*, 3 Id. 219; *Henderson* v. *Grewell*, 8 Id. 581.)

The fifth and sixth instructions, given upon the part of defendants, are to be taken together; the principle enunciated in both being to the effect that if the lessors had no right or title in the ground in dispute, then the lessees acquired none by the lease. Plaintiffs claiming under and by virtue of the lease from the Nevada County Gold Mining Company, these instructions were properly given.  (*Waring* v. *Crow*, 11 Cal. 366.)

The seventh instruction, being the last, was not, in fact, either important or material.  The issue was not as to the amount of damages.  No evidence was given upon that question upon the part of defendants; the only issue, in fact, being as to which of the parties were lawfully entitled to be possessed of the mining claims in dispute.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

We do not think it necessary to go into a full examination of this case, for on another trial all the questions here made probably will not arise.

1.   The first error assigned is the ruling of the Court excluding the entry of the transfer made on the books of the Recorder, as proof of the fact of transfer.  We think the ruling right.  The book was admissible as evidence of a compliance with the rules of the mining district, and this particular entry admissible to show the compliance with the miners' rule requiring the recording of transfers.  But we see no mining regulation which makes this memorandum of the Recorder primary evidence of the fact of transfer; and know of no principle of the law of evidence which would authorize such effect to be given to it.

2. The Court did not err in overruling the objections to the

Attwood *v.* Fricot.

depositions of Hawes, etc.   The objection assigned was a matter to be considered by the Court, and its discretion seems to have been properly exercised.   Reasonable notice should be given to a party of the time and place of taking testimony ; but what is reasonable notice, depends upon the particular circumstances.

3.  We are inclined to think that some of the instructions given at the instance of the defendant, whether correct or not as abstract propositions applicable to real estate, had a tendency to mislead the jury when applied to the facts of the record.   Mining claims are held by possession, but that possession is regulated and defined by usage and local, conventional rules, and the " actual possession " which is applied to agricultural lands, and which is understood to be a *possessio pedis*, can scarcely be required in a mining claim in order to give a right of action for the invasion of it.   The claim must be in some way defined as to limits, of course, before the possession of or working upon part gives possession to any more than that part so possessed or worked.   But when the claim is defined, and the party enters in pursuance of mining rules and customs, the possession of part is the possession of the entire claim.   And so if a party enters *bona fide* under color of a title, as under a deed or lease, the possession of a part as against any one but the true owner or prior occupant is the possession of the entire claim described by the paper ; and this though the paper did not convey the title. The condition of the possessor, in such instances, would not be worse than that of the occupant of other real estate, in which case this rule applies.   A third person would have no right to invade the possession of the party taking it under such circumstances, and set up, as against him, outstanding title in a stranger, with which he had no connection.   This principle does not touch the case of an entry into possession in pursuance of mining rules and regulations, as for a forfeiture or abandonment, etc. ; but the case we suppose is of a possession taken independently of such rules.

These observations will enable the Court below to apply the law to the facts in a concrete form on the return of the case.

The Court erred in instructing the jury, that if they believed no injury or damage was done by defendants to plaintiffs, they would

find for the defendants.  This instruction was calculated to mislead. The law presumes damages from a trespass; and the jury might well have decided the case upon this want of proof of plaintiffs' damages, instead of absence of proof of their title.  The error being apparent, injury is presumed; and the respondents have not affirmatively replied to the presumption.

Judgment reversed and cause remanded for a new trial.