## PATTERSON *v.* KEYSTONE MINING COMPANY.

A BONA FIDE parol sale of a mining claim, accompanied by a delivery of possession, is valid as against a subsequent sale of the same grantor, made by deed in writing duly acknowledged.

The possession of one claiming under a parol sale, or unrecorded bill of sale, in order to impart notice to a subsequent purchaser, need not be evidenced by an actual inclosure or anything equivalent thereto.

The case of *Atwood* v. *Fricot* (17 Cal. 37) and *English* v. *Johnson* (Id. 107), as to possession of mining claims, affirmed.

APPEAL from the District Court, Sixteenth Judicial District, Calaveras County.

One Callahan with nineteen others, in August, 1861, located a copper-bearing ledge in Calaveras County, three thousand feet in length. The interest of Callahan in the claim was one-twentieth, and he paid assessments on his interest in August and September, 1860. One Blatchey was also a member of the company. In November, 1860, five of the original locators were incorporated, for the purpose of working the ledge, under the name of the "Keystone Company." Certificates of stock were issued by the corporation to the different claimants. Blatchey claimed the interest of Callahan by an alleged parol sale, made in October, 1860, and the corporation recognized and treated Blatchey as the owner. The corporation had been working the claim from the time of its formation up to the commencement of this suit. In June, 1861, Callahan, who had not attempted to exercise any control over the claim after October, 1860, executed to plaintiff, Patterson, a deed duly acknowledged, of an undivided one-twentieth of the claim. Patterson demanded of the corporation possession of the interest, was refused, and July 20th, 1861, commenced this action to recover possession. Plaintiff recovered judgment in the District Court, and defendants appealed.

*William S. Wood*, for Appellants.

*H. O. Beatty*, for Respondent.

Patterson *v.* Keystone Mining Co.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action to recover the possession of the undivided one-twentieth of a mining claim. The plaintiff claimed title under a deed executed by one Callahan, one of the original locators of the claim, dated June 3d, 1861. The defendants claim title under Callahan, by virtue of an alleged sale by parol and delivery of possession, prior to the date of the plaintiff's deed. The Court instructed the jury "That the possession of the defendants under an unrecorded deed or bill of sale from Callahan, in order to constitute notice of this claim to the plaintiff so as to invalidate or defeat his title, must have been a *possessio pedis*, actual *bona fide* possession, consistent with defendants' title, and that this possession must be evidenced by an actual inclosure or something equivalent, as showing the extent and the fact of the defendants' dominion and control of the premises." The appellants assign this instruction as error. The rule of law defining what will constitute possession of a mining claim was fully and clearly laid down by this Court in the cases of *Atwood* v. *Fricot* (17 Cal. 37) and *English* v. *Johnson* (Id. 107). The instruction given in this case, clearly conflicts with the rule laid down in those cases. The validity of parol sales of mining claims has been fully established by this Court in the cases of: (*Jackson* v. *The Feather River Co.*, 14 Cal. 22; *Table Mountain Tunnel Co.* v. *Stranahan*, 20 Id. 198; *Gatewood* v. *McLaughlin*, 23 Id. 178).

The judgment is therefore reversed, and the cause remanded for a new trial.