## Campbell `v.` Rankin.

1. An affidavit for the continuance of a cause does not become a part of the record, so that effect can be given to it during the trial, unless it is properly introduced as evidence for some legitimate purpose by one of the parties.

2. In trespass *quare clausum fregit*, actual possession of the land by the plaintiff is sufficient evidence of title to authorize a recovery against a mere trespasser.

3. The judgment of a court of competent jurisdiction is, as to every issue decided in the suit, conclusive upon the parties thereto, and in a subsequent suit between them parol evidence, whenever it becomes necessary in order to show what was tried in the first suit, is admissible.

4. While the record of a mining district is the best evidence of the rules and customs governing its mining interests, it is not the best or the only evidence of the priority or extent of a party's actual possession.

5. The fifth section of the act entitled "An Act to promote the development of the mining resources of the United States," approved May 10, 1872 (17 Stat. 91), gives no greater effect to the record of mining claims than is given to the records kept pursuant to the registration laws of the respective States, and does not exclude as *prima facie* evidence of title proof of actual possession, and of its extent.

Error to the Supreme Court of the Territory of Montana.
The facts are stated in the opinion of the court.

*Mr. J. Hubley Ashton* and *Mr. Nathaniel Wilson* for the plaintiffs in error.

*Mr. Richard T. Merrick, contra.*

Mr. Justice Miller delivered the opinion of the court.

The declaration avers that plaintiffs below, who are also plaintiffs in error, were the owners of a mining claim in Meagher County, known as Claim No. 2 below discovery, in Green Horn Gulch, and that defendant wrongfully entered upon and took possession of a portion of said claim, and took and carried away large quantities of gold-bearing earth and gold-dust, the property of plaintiffs, of the value of $15,000.

The answer amounts to a general denial of all the averments of the complaint.

Bills of exception taken on the trial show that plaintiffs offered in evidence the record of a judgment in the same court, in which the defendant in this suit was plaintiff, and the present plaintiffs and those under whom they claim were defendants, which was an action for trespass, wherein the same question of

conflicting interference of the two mining claims was in issue, and the verdict and judgment were for plaintiffs in this suit. The admission of this record was objected to, and the court sustained the objection.

Plaintiffs then offered to prove that they had been in actual possession of Claim No. 2 in Green Horn Gulch for several years, and that defendant had admitted in conversation the existence of such a claim, and had conceded a dividing line between his claim and that of plaintiffs, which would give to the latter the ground in controversy. The court refused this also.

Plaintiffs then offered in evidence a deed from Harding & Wilson for Claim No. 2, Green Horn Gulch, dated December, 1869, and proof of occupancy and use of it ever since. The court rejected this also. And having rejected all the evidence offered by plaintiffs, it directed the jury to find for defendant, and on that verdict rendered a judgment, which was affirmed on appeal by the Supreme Court of the Territory.

The record sufficiently shows that neither party to this suit had any legal title to the *locus in quo* from the United States, and that the controversy involves only such possessory right as the act of Congress recognizes in the locator and occupant of a mining privilege.

Since this right of possession was the matter to be decided by the jury, it is almost incomprehensible that proof of prior occupancy, and especially when accompanied by a deed showing color of right, should be rejected.

In actions of ejectment, or trespass *quare clausum fregit*, possession by the plaintiff at the time of eviction has always been held *prima facie* evidence of the legal title, and as against a mere trespasser it is sufficient. 2 Greenl. Evid., sect. 311. If this be the law, when the right of recovery depends on the strict legal title in the plaintiff, how much more appropriate is it as evidence of the superior right of possession under the acts of Congress which respect such possession among miners.

If this plain principle of the common law needed support from adjudged cases, as applicable to the one before us, it may be found in the courts of California in *Atwood* v. *Fricot*, 17 Cal. 37 ; *English* v. *Johnson*, id. 107 ; and *Hess* v. *Winder*, 30 id. 355.

The court below erred, therefore, in rejecting this evidence of plaintiffs' prior possession.

Whatever may have been the opinion of other courts, it has been the doctrine of this court in regard to suits on contract ever since the case of the *Washington, Alexandria, & Georgetown Steam Packet Co.* v. *Sickles* (24 How. 333), and in regard to actions affecting real estate, since *Miles* v. *Caldwell* (2 Wall. 35), that whenever the same question has been in issue and tried, and judgment rendered, it is conclusive of the issue so decided in any subsequent suit between the same parties; and also, that where, from the nature of the pleadings, it would be left in doubt on what precise issue the verdict or judgment was rendered, it is competent to ascertain this by parol evidence on the second trial. The latest expression of the doctrine is found in *Cromwell* v. *County of Sac*, 94 U. S. 351; *Davis* v. *Brown*, id. 423.

The rejection of the record of the suit of *Rankin* v. *Campbell and Others* was in direct conflict with this doctrine. In that case Rankin had brought an action of the same character as the one he is now defending, against the parties who are now plaintiffs, and had a verdict and judgment against him. The record in that case, as in this, shows that one party claimed under Mining Claim No. 2, in Green Horn Gulch, and the other under Mining Claim No. 8, in Confederate Gulch. The issue in both cases was to which claim did the disputed piece of mineral deposit belong; and if that issue was not clear, it was competent, under the decisions we have cited, to show by parol proof that the controversy was over the same locality, and that the issue had, therefore, been decided against Rankin.

And this proof the plaintiffs offered, in connection with the record of the former suit. The exclusion of this evidence was error.

The principal ground on which the court rejected all this evidence, and all other evidence offered by the plaintiffs, is, that at the same term of the court, and before the trial, one of the plaintiffs, in support of an application for a continuance, made an affidavit, in which he stated that he expected to prove by an absent witness that he had destroyed the original record and laws of Green Horn Gulch, in which the plaintiffs' claim

is located ; that said records and laws established the size, lines, boundaries, and location of Claim No. 2 below discovery in said gulch, and that said records showed that the predecessors of the plaintiffs in interest possessed and occupied this claim, in accordance with the local rules.

This affidavit, made in support of an application for continuance, which was overruled, the judge, of his own motion, treated as part of the record, and as before him on the trial, though not offered by either party ; and as well as we can understand it, excluded all other evidence of the possession and location and validity of the plaintiffs' claim, because this lost record was the best evidence, and all other was secondary or inferior.

It is difficult to argue this proposition seriously. The affidavit was in no judicial sense before the court on the trial, and could only be used, if at all, when introduced by one of the parties for some legitimate purpose. If it had been so presented by the defendant, it plainly showed that this better evidence was destroyed and could not be produced, and was a sufficient foundation for the use of secondary evidence.

But the local record of a mining community, while it may be and probably is the best evidence of the rules and customs governing the community, and to some extent the distribution of mining rights, is not the best or the only evidence of priority or extent of actual possession. It may fix limits to individual acquisition, the terms and rules for acquiring and transferring mining rights, as the laws of the State do in regard to ordinary property ; but such rules and customs no more determine who was the first locator or where he located, than any other competent evidence of that fact.

Whatever may be the effect given to the record of mining claims under sect. 5 of the act of Congress approved May 10, 1872 (17 Stat. 92), it certainly cannot be greater than that which is given to the registration laws of the States, and they have never been held to exclude parol proof of actual possession and the extent of that possession as *prima facie* evidence of title.

The Supreme Court of the Territory argue that the trial court can regulate the order of admission of evidence in a case, and because the plaintiffs did not introduce first of all proof of their

mining records which were lost, nothing else could be intro-
duced. For want of these, evidence of actual possession, of
title-deeds, of the location of the claim, and the record of the
former suit determining the rights of the parties to the *locus in
quo*, were all unavailing and inadmissible.

We know of no rule of law which justifies this action.

The judgment of the Supreme Court of Montana will be re-
versed, and the cause remanded to that court with directions to
order a new trial; and it is

*So ordered.*