Mr. Justice Hagner
delivered the opinion of the-court.
The only question Before us upon the exception, is whether the judge below was right in deciding that the decree of the Supreme Court of the United States in the equity cause, pleaded and given in evidence at the trial, did not constitute a bar to a recovery by the plaintiff in this action.
The present suit is brought upon a note dated January 1, 1870, at three months, for $1,547.00, executed by A. Grant, payable to the order of Samuel Strong, at the National Bank of the Republic.
The equity cause offered in evidence, No. 1956, was instituted by Strong against Bradley, Totten, Ellison, Ladomus, Lincoln and Willard, the trustees and beneficiaries under two deeds of trust, antecedent in date to the note sued on, | against Totten and Fletcher, the trustee and beneficiary under another deed of trust, subsequent in date to said note, j and against Charles and Thomas Ford the grantees in the *221 deeds in fee simple of two of the lots. All these were made parties defendant with A. Grant, the alleged owner of all the property, at the time certain materials were claimed to have been furnished and certain work done by Strong for Grant. The bill prayed that all the defendants might be brought before the court ; that the last deed of trust and the two deeds in fee simple might be declared null and void, as having been made without consideration, and that all the property might be sold to discharge the complainant’s mechanic’s lien, notice of which he had filed under the provisions of Article 20 of the Revised Statutes of the District of Columbia. After answer, the defendant, Grant, under § 708 of the article, filed a written undertaking, with Wm. H. Heurtes and Calvin S. Mattoon as sureties, which was approved by the court, with the design, in the words of the act, to release the property from the lien thereby created.”
The cause afterwards proceeded to hearing ; and in April, 1871, a decree was passed by the Equity Court declaring that the lien of the plaintiff was good and valid at the time of filing his notice of intention to hold the lien against the lots therein mentioned, and giving judgment against Grant, the principal, and his sureties, upon the undertaking.
On appeal to the General Term, this decree was amended by rendering judgment against Grant for the sum claimed to be due, with interest, and setting aside the decree against the sureties, Heurtes and Mattoon. The cause was taken to the Supreme Court on appeal by Grant, and on January 6, 1874, the decree of the Supreme Court of the District of Columbia was reversed with costs, and the Supreme Court of the District of Columbia was directed to dismiss the bill. A decree accordingly was passed by the last named court that the bill be dismissed with costs, and that the defendant have execution thereof, and the costs were afterwards collected by Grant.
Do these proceedings establish that the matter in controversy in the present suit is res judicata as between the parties thereto ?
The principles governing this defense are well expressed *222 by the Supreme Court in Washington, Alexandria and Georgetown Steamboat Co. vs. Sickles, 24 Howard, p. 341, in these words: “The authority of the res judicata, with the limitations under which it is admitted, is derived by us from the Homan law and the Canonists. Whether a judgment is to have authority as such in another proceeding, depends, are idem corpus sit; quantitas eadam, idem jus; et an eadem causa pelendi et eadem conditio personarum ; quae nisi omnia concurrent alia res est; or as stated by another jurist, exceptionem reijudicatce, obstare quotiens eadam qucestio inter 'easdem personas revocatur. The essential conditions under which the exception of the res judicata becomes applicable are the identity of the thing demanded, the identity of the cause of the demand, and of the parties, in the character in which they are litigants. This court described the rule in Apsden vs. Nixon, 4 How., S. C. R., 467, in such cases to be, that a judgment or decree set up as a bar by plea, or relied on as evidence be way of estoppel, must have been made by a court of competent jurisdiction upon the same subject-matter between the same parties, for the same purpose.”
It is necessary, before proceeding to apply the tests laid down by this rule to the matter before us, to consider a preliminary objection insisted on by the appellant, that we are confined to the written record in the proceeding pleaded in bar, and have no power to examine the opinion of the Supremo Court, or resort to any other means of ascertaining what was the matter really in controversy in the equity suit and actually settled by the decree relied upon.
In examining this question in the case of Cromwell vs. County of Sac, 94 U. S., 353, the Supreme Court says : “ But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought, to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be *223 as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.” On page 354, the judge, speaking of the decision in Newton vs. Caldwell, 2 Wallace, says: “The court held, after full consideration, where the form of the issue was so vague as not to show the questions of fact submitted to the jury, it was competent to prove by parol testimony what question or questions of fact were thus submitted and necessarily passed upon by them,” &e. In the case before it, the court was considering the effect and scope of its previous decisions in a case which was relied upon as res judicata in the cause then pending, and in this connection it says, on page 359 : “Reading the record of the lower court (in the first case) by the opinion and judgment of this court, it must be considered that the matters adjudged in that case were these,” &e.
So in 24 Howard, 344, the court declared that “ extrinsic evidence would be admitted to prove that the particular question was material, and was in fact contested, and that it was referred to the decision of the jury.” See also Campbell vs. Rankin, 99 U. S., 263; 1 Greenlf. Ev., § 532.
In the light of these authorities we are authorized and required to examine the opinion of the Supreme Court reported in the case of Strong vs. Grant, 18 Wallace, 624, with a view of ascertaining what that court really intended to settle by its decision reversing the decree below. And from that examination it appears to be too plain for controversy that the only question designed to be passed upon in that judgment was whether Strong was entitled to a mechanic’s lien upon Grant’s real estate described in the notice filed in the clerk’s office.
The question whether Grant ow^ed money to Strong was not contested. Indeed, it had been so fully conceded by Grant in his answer to the bill, that such a denial would have been in astonishing inconsistency with his defense. For Grant had insisted, as showing that Strong had no right to claim a mechanic’s lien, that by the terms of their writ *224 ten contract Strong was to look to a deed of a lot left in the hands of Totten, as an escrow, as the security for his claim, which was to be liquidated in a note. He further averred that he had been prepared to pay the note at maturity, but that Strong had assigned it to a third party who had in turn parted with its possession to some person unknown to him. That the Supreme Court could have intended by its decree to absolve Grant entirely from payment of an admitted indebtedness is inconceivable. On the contrary, that court pointed out that Strong’s claim was a plain legal demand, and, therefore, not cognizable in an equity court, which is vested with no jurisdiction to collect debts recoverable at law; and hence their decree was within the^ category described in the case of Foot vs. Gibbs, 1 Gray, 413, cited in behalf of the appellant: “ But if the court does not take jurisdiction of a suit in equity, but dismisses the bill because the plaintiff has an adequate remedy at law, or for want of prosecution, or otherwise, for some cause not embraced in the merits, such a dismissal is not a bar.”
But apart from the language of the opinion, it is manifest from the very nature of the proceedings, that Strong’s bill was not designed to perform the mere function of collecting this, note. In his affidavit and account accompanying his notice of claim, no mention is made of any note. He speaks only of an indebtedness, as though still unliquidated. If his purpose was simply to recover a judgment against Grant he would naturally have resorted to a suit at law like the present. But he was not content with that form of remedy, and he sought other security than such as a judgment against Grant would afford.
The undertaking, by operation of law, was the substitute for the property thereby released from the lien ; but its continuance and enforcement depended altogether upon the determination of the question whether the claim to the lien was a valid one. If the lien should be sustained, the three obligors were to respond ; if not, they were to be wholly exonerated, but such exoneration could not be considered as a discharge of a note executed by the principal obligor alone. *225 As well might it be contended that the Supreme Court, by its decision, determined in favor of the validity of the deed •assailed in the bill as void for want of consideration.
It is evident, therefore, that the decree sought to be set up as a bar, was not made “upon the same subject-matter,” and “ for the same purpose that there does not appear '“the identity of the thing demanded and the identity of the cause of the demand,” required by the rules before •stated.
Neither does there appear the identity of the parties in the character in which they are litigants.
In the equity cause Grant was only one of ten defendants ; to the decree of the special term enforcing a compliance with the undertaking, Grant was one of three defendants. In the present case he is the sole defendant. It cannot, as matter of fact, be said that the cases are between the same defendants. And, as matter of law, it cannot be so considered. Thus it has been determined that a decree in equity in favor of two defendants upon a bill brought by one complainant for a specific performance of a contract, was no bar to an action at law by the same complainant against one of the defendants alone, to recover damages for the breach of the contract. See Buttrick vs. Holden, 8 Cushing, 233.
The principles governing cases like the present are very clearly illustrated in the case of Phelps vs. Harris, 101 U. S. Sup. Ct. Rep., 370. In that case Phelps and wife, in 1871, exhibited a bill in the chancery court of Mississippi against Harris and wife to remove a cloud from the title of the plaintiff, arising out of supposed defects in a partition made Í7i pais, under a will.
The defendants relied upon the validity of the partition •ana will, and the question was fully contested ; and in 1873 a decree was made dismissing the bill.
That plaintiffs thereupon brought, ejectment against the said defendants for the same land, and in that action the •State court decided that the decree in the chancery suit did not render the controversy res judicata; although that *226 decree was simply one of dismissal, “ without words of qualification as without prejudice,” &c., in the language of the Supreme Court in Durant vs. Essex, 7 Wall., 109, quoted by the appellant.
An appeal was taken from this judgment of the Mississippi court in the ejectment suit to the Supreme Court of' the United States, and Mr. Justice Bradley, speaking .for that court, in affirming the judgment, cites the opinion of' the appellate court of the State delivered in the equity cause, as showing the scope and extent of the decree in that stage of the controversy, and the point really intended to be-settled by that decision.
This very recent utterance of the Supreme Court, in our judgment, fully sustains the ruling of the court below in the-present case.
We have been at special pains to examine the various^ questions presented by this record, because the appellant has appeared before us in proper person, and without the aid of counsel to enforce by oral argument the extensive and carefully prepared brief filed in his behalf.
ITis cause has received full consideration at our hands,, and has in no degree suffered from any want of acquaintance on his part with the usages of the ccourt.
Eor the reasons given, we think the rulings below should-be affirmed.