CHOCTAW, O. & G. R. CO. vs RICE.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 819).

1. *Writ of Error.*
   A writ of error is a process of common law origin available only to present questions of law.
2. *Nuisance—Notice.*
   The railroad company could not be liable for damages resulting from the building of its right of way embankment, which plaintiff claimed was a nuisance until after notice to abate such building.
3. *Water and Water Courses—Railroads—Proof of Title.*
   In an action brought against a railroad company for injuries caused to plaintiff's land through defendant's right of way embankment obstructing the flow of surface water, it was sufficient proof of title that the plaintiff was in possession of the land, no evidence being given of limit of his estate.

Error to the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, December 18, 1904.

Action by W. H. Rice against the Choctaw, Oklahoma & Gulf Railroad Company. From a judgment for plaintiff, defendant brings error. Affirmed.

*C. B. Stuart*, for plaintiff in error.

*Cruce, Cruce* and *Bleakmore*, for defendant in error.

LAWRENCE, J.   January 15, 1904, defendant in error filed his complaint, alleging that he was the owner of and in possession of two certain lots in Ardmore, upon which were two dwelling houses, stables, outbuildings, and other appurtenances, all inclosed with a substantial fence; that in the year 1902 plaintiff in error built a railroad along and near to said lots, and there made an embankment, and, in the construction thereof, which was upon the alley adjoining said lots, and not upon the right of way of plaintiff in error, the same was so negligently made, and ever since has been so maintained, by said plaintiff in error, as to obstruct the natural flow of water which falls upon and flows over and upon said lots, whereby it stands upon the same to the depth of from one to five feet, thereby causing deposits of various offensive and decaying substances, which endanger the life and health of plaintiff and his tenants thereon.   It is averred that the property immediately before the making of the embankment was of the reasonable value of $4,000, and immediately thereafter it was reduced to the value of $1,500.   Plaintiff asked for judgment for $3,000.00   Plaintiff in error answered the complaint, and says "that it has not sufficient information and belief to form an opinion as to whether the plaintiff is the owner of the lots mentioned in said complaint, and, without denying or admitting ownership thereof, it demands strict proof of same," denies that it built the railroad and embankment, but admits that since then it has operated and maintained the same, but denies the embankment was not built upon its right of way, but upon the alley between the right of way and plaintiff's lots, and denies that the embankment was so negligently built as to obstruct the natural flow of the water which falls on said alleged premises of plaintiff and a large body of land adjacent thereto; that said lots are made or built

up, and for 14 years, and prior to the making of said embankment, have been subject to overflow; and that two pipes were put through said embankment in such manner and of size sufficient to carry off all the water that might flow down and against the embankment, and denies the said premises, just prior to the making of said embankment, were of the value of $4,000, and says their market value was not over $1,000, and denies all damage thereto by reason of said embankment. The issue was tried to a jury. At the close of the evidence plaintiff in error moved the court to instruct the jury to return a verdict for it, upon the ground that plaintiff failed to show that the embankment had been unskillfully built, and that the pipes were not sufficient to carry the ordinary and usual rainfall that might accumulate thereat, and also that the evidence shows that it did not build the embankment, and had not notice that same was the cause of the alleged overflow of the lots of defendant in error, and it had not been requested to abate the alleged nuisance. The motion was overruled, and plaintiff in error excepted thereto. The court instructed the jury, in substance, as follows: "The burden is upon the plaintiff to establish, by the evidence, the allegations of his complaint. You are the sole judges of the weight of the evidence and the credibility of the witnesses. If the defendant company made an embankment of earth in the alley next to plaintiff's lots, and the same was negligently built, and by reason thereof plaintiff's property has been damaged, your verdict should be for him for such sum as the evidence shows he was damaged. If you shall find from the evidence that the roadbed, embankment, drains, railway switches, and other structures thereon, were built by defendant, then you shall determine from the evidence if plaintiff has been damaged thereby, and, if so, find for plaintiff the sum that will compensate him therefor. But, if the defendant did not construct and maintain the things mentioned, then you will find for the

defendant." To these instructions this plaintiff then and there duly excepted. The jury returned its verdict finding for plaintiff $650 damages. Thereupon the court rendered judgment in favor of plaintiff for $650 against defendant, and for costs. This plaintiff in error moved for a new trial, alleging as ground therefor the overruling of its demurrer to the complaint, admitting evidence to go to the jury over its objection, in overruling its motion for an instruction to the jury to return a verdict for it, the verdict is not sustained by the evidence, that the verdict is contrary to the law, and for errors occurring at the trial, and excepted to by it. The motion was overruled, and defendant excepted.

Plaintiff in error prosecutes this writ of error, and assigns as ground therefor, first, the overruling of its motion to strike second paragraph of complaint; second, the overruling of its demurrer to first amended complaint; third, in permitting certain documents in proof of plaintiff's title, purporting to be correspondence with United States Indian agent, and receipts therefrom concerning the patent for said property; fourth, the denying of its motion to instruct the jury to return a verdict in its favor; fifth, in instructing the jury; and, sixth, in overruling motion for new trial, and prayed for judgment of reversal. Counsel for plaintiff in error says: "Without waiving other assignments of error, he will confine his argument to two points: That this plaintiff in error did not construct the railroad in question, and no notice was given it to abate the nuisance. That there was no legal proof that defendant in error was the owner of the premises alleged to have been damaged."

Some of the errors assigned are insufficient under the rule, and as counsel, in effect, waives all but the two above named, we shall only consider these two. Counsel for defendant in error, in their brief, say: "We do not controvert the proposition that, if the defendant company had no connection with the construction of the road, it could not be held liable

until it had received notice to abate." Therefore first of plaintiff's points becomes one of fact, instead of law. The rule is well understood by the profession that controverted matters of fact cannot be considered in the court of review, upon a writ of error, except so far as may be necessary in determining the legality of the rulings of the trial court upon the admission or exclusion of evidence, and its instructions to the jury, or refusal to instruct in behalf of plaintiff in error. "A writ of error is a process of common-law origin, and it removes nothing for examination but the law." Ellsworth, C. J., in Wiscart vs Dauchy, 3 Dall. (U. S.) 321, 1 L. Ed. 619. And Fuller, C. J., in citing this case, and discussing this proposition, says: "The distinction between a writ of error and and an appeal has always been observed by this court, and has been recognized by the legislation of Congress from the foundation of the government." Elliott vs Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200. It was a question of fact if plaintiff in error did construct and maintain the alleged nuisance. Evidence and testimony, for and against, was heard upon it. It cannot be said, from the record, that there was not evidence tending to prove the affirmative of the proposition. The court instructed the jury "that, if defendant did not construct and maintain the matters mentioned (referring to the embankment, etc.); you will find for the defendant." The finding of the jury was for the plaintiff below. This, we think, puts at rest the first point of plaintiff in error, for, if it did do the matters and things alleged, the notice to abate was not necessary. The second proposition is that defendant in error was not shown, by legal evidence, to be the owner of the premises alleged to have been damaged. In this action defendant in error claims to be the owner of the real property in question, and in the possession of the same, and demands damage for the depreciation of its market value by reason of the alleged wrongful acts of the plaintiff in error. These allegations of

the complaint imply necessarily that he claims as the owner in fee. There is no direct, competent evidence that he was such owner. Testimony was admitted to go to the jury, over the objection of plaintiff in error, to establish the fact that defendant in error, prior to the time of and after the construction of the embankment was in the actual possession of the lots in question, and had built houses thereon and made other improvements. A fee-simple title to real estate, by prescription, may be acquired by open, notorious, adverse, and continuous possession upon claim of title for the length of time provided by the statute. Section 2938 (section 4471, Mansf. Dig.) Carter's Ind. Ter. Ann. St. 1899; Bradstreet vs Huntington, 5 Pet. (U. S.) 402, 8 L. Ed. 170. Or it may be established by documentary proof of chain of title from the sovereign to the claimant; but does the law require proof of either of these modes to entitle plaintiff to recover for damages to real estate? We think it sufficient, in the first instance, for him to make a prima facie case by showing possession at the time of the injury. The wrongdoer may defend against the amount of damages to be recovered by showing the estate of the plaintiff to be limited. "In actions of ejectment, or trespass on real estate, possession by the plaintiff at the time of eviction has always been held prima facie evidence of the legal title, and as against a mere trespasser is sufficient." Campbell vs Rankin, 99 U. S. 261, 25 L. Ed. 435. See, also, Davenport v Devenaux, 45 Ark. 342; Burt vs Panjaud, 99 U. S. 180, 25 L. Ed. 451; G., C. & S. F. Ry. vs Johnson, 54 Fed. 474, 4 C. C. A. 447.

The points relied upon by the plaintiff in error are not well assigned, and the judgment is affirmed.

GILL, C. J., and CLAYTON, J., concur.