GOOCH v. PRESBYTERIAN HOME HOSPITAL et al.

(Circuit Court of Appeals, Sixth Circuit.   March 6, 1917.)

No. 2912.

1. APPEAL AND ERROR ☞959(1)—REVIEW—DISCRETION—AMENDMENTS.
  The denial of leave to amend pleadings will not be reviewed, unless an abuse of discretion appears.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3825, 3826.]

2. JUDGMENT ☞256(1)—VERDICT—GROUND FOR DISMISSAL.
  Pursuant to Shannon's Code Tenn. § 4439, plaintiff, who was suing for self-inflicted injuries received while in hospital under the care of defendants, joined in one action a count on tort relying on defendants' negligence and another count for breach of contract in failing to keep with plaintiff at all times a prudent and careful nurse.   On trial, verdict was directed for defendant on the first count, and thereafter on defendants' motion the action was, without further evidence, dismissed as to the second count on the contract.   *Held* that, as the two causes of action were on their face distinct, the dismissal was improper; the verdict for defendant on the first count not being conclusive as to the second.
  [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446, 454.]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Action by Mary Dockery Gooch, by her next friend, William D. Gooch, against the Presbyterian Home Hospital and others.   There was a judgment for defendants, and plaintiff brings error.   Reversed and remanded, with directions to grant new trial.

·John E. Bell, of Memphis, Tenn., for plaintiff in error.

John L. Stout, of Memphis, Tenn., for defendants in error.

Before WARRINGTON and DENISON, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge.   The plaintiff, Mary D. Gooch, by her next friend, William D. Gooch, brought this action in the Shelby county circuit court in Tennessee.   In due course it was removed to the court below upon the petition of the defendants, and afterwards the plaintiff was permitted to file an amended declaration in two counts, which took the place of a declaration in one count which she had filed in the state court.   After stating that the plaintiff was in bad health it is averred in the first count that:

"It was fully explained to the proprietors of said hospital that the said Mary D. Gooch was suffering from nervous prostration; that she was a neurasthenic, which at times affected her mind and rendered her incapable of taking care of herself, and the defendants were informed that it would be necessary to have with her at all times and under all circumstances a careful, competent, and prudent nurse, for which the plaintiffs paid, and were willing to pay, and offered to pay, and contracted and agreed to pay.   Notwithstanding this fact the defendants negligently discharged the nurse, and· negligently failed to have a nurse with the plaintiff, Mary D. Gooch, at all times, and by reason thereof the said Mary D. Gooch, in a period of mental aberration, and when she was not watched and guarded and cared for as she should be, fell or jumped down

a flight of stairs and inflicted upon herself serious, severe, and permanent injuries. Her leg was broken; her collar bone was broken; she was greatly shocked and stunned; she has suffered great physical pain and mental anguish; she has been made more an invalid; her recovery has been rendered impossible; her injuries are permanent. By reason of the wrongs and injuries aforesaid plaintiff, Mary D. Gooch, has been made an invalid for life; she has suffered great physical pain and mental anguish, to her great damage, both actual and exemplary, $25,000, for which she sues, and demands a jury to try the case."

The second count alleged that:

"The plaintiff, Mary D. Gooch, was suffering from nervous prostration; she was a neurasthenic, and her mind was seriously impaired to such an extent as to render it necessary for her to be carefully watched and constantly attended, to prevent any injury to herself. Because of her condition the husband and family of the said Mary D. Gooch decided to place her in the sanitarium of the defendants, to the end that she might be properly watched and safely guarded and attended, and entered into a contract with the defendants, for the use and benefit of Mary D. Gooch, by the terms of which contract the defendants were to take Mary D. Gooch and look after her carefully, treat her for her ailments, and keep with her at all times a careful, prudent, and reliable nurse, and in consideration for such treatment and service the defendants were paid and were to be paid by plaintiff's husband adequate and stipulated sums of money. But notwithstanding their contract the defendants wholly made default and failed to keep a nurse with plaintiff, Mary D. Gooch, and negligently discharged the nurse, and negligently left her unattended, and she, the said Mary D. Gooch, while so unattended, in a fit of mental aberration jumped and fell down an open stairway, and thereby sustained serious, painful, and permanent injuries; her leg was broken; her collar bone was broken; she was greatly shocked and stunned; she was made sick, sore, and disabled; she suffered great physical pain and mental anguish, to her great damage, $25,000, for which she sues and demands a jury to try the case."

To each of these counts the defendants filed pleas, first, of not guilty; second, of contributory negligence; and, third, of the statute of limitations. On June 3, 1915, an entry was made upon the record as follows:

"This day came plaintiff by her attorneys, and the defendants by their attorneys, and also a jury of good and lawful men, to wit, G. L. Tatum, L. Gottshall, J. P. Burchfield, Henry Soehmer, W. B. Overall, H. C. Wilson, Jr., A. D. Burke, Chas. E. Lodge, W. A. McLaughlin, J. H. Stewart, J. H. Massey, and S. P. Crawford, who, being duly selected, impaneled, tried and sworn to well and truly try the issues herein joined, and a true verdict render according to the law and the evidence, and having heard the evidence, listened to the argument of counsel. The court thereupon charged the jury to return a verdict for the defendants on the first count of plaintiff's amended declaration, which was accordingly done, and after receiving the further charge of the court, the jury upon their oaths do say that they were unable to reach an agreement and return a verdict on the second count of the plaintiff's amended declaration and were thereupon discharged from further consideration of said count. It is therefore considered by the court that the plaintiff herein have and recover nothing from the defendants and that they go without day on said first count of plaintiff's amended declaration, and that the further consideration of said second count of the amended declaration is reserved for further orders of this court."

Subsequently the plaintiff filed a second amended declaration, in which she set out more in detail the facts respecting the cause of action alleged in the second count of the previous amended declaration. The defendants moved to strike out this amended declaration. After

argument the motion was sustained, and the learned trial judge stated his reasons therefor as follows:

"It appears that this case was tried before a court and jury at a former term, at which time there were two counts in the declaration; the first count being an action of tort, and the second count being a breach of contract. There was a verdict and judgment in favor of the defendant and against the plaintiff on the first count, and a mistrial as to the second. That left the case standing and at issue upon the second count in the declaration. The second amended declaration, to strike which the motion is now made, is of course an attempt to amend the second count in the declaration, for that is all that is left of the case. The said second count being one for breach of contract only, I cannot conceive in what manner it is aided by anything stated in the second amended declaration. Without discussing the several grounds of the motion separately, it is sufficient to say that I think the motion is well taken, and an order will be entered striking the second amended declaration from the files."

Soon afterwards the defendants moved the court to dismiss the action with prejudice, which no doubt means to dismiss it absolutely and on the merits. The essential grounds upon which this motion was based were that there was only one cause of action, that all the issues really involved had been tried and determined in favor of the defendants at the former trial on the merits, that the plaintiff was not entitled to a trial for an alleged breach of contract after the trial for the alleged tort, and that the plaintiff was estopped by the former judgment from proceeding further on the second count. This motion was sustained, and the action was dismissed with prejudice, and with costs to defendants. The judgment which thus disposed of the case is sought to be reversed upon two general grounds: First, that the court erred in striking out the second amended declaration; and, second, that it erred in dismissing the action with prejudice.

[1] The question presented by the first assignment involves only the discretion of the court in dealing with the amendment of pleadings. We see nothing to indicate any abuse of that discretion, and this assignment requires no further notice.

[2] The second error assigned presents a different situation, and has received careful consideration. Obviously there was only one suit; but, as permitted by the practice in Tennessee (Shannon's Code, § 4439), two distinct causes of action were therein joined. The facts respecting the matters thus in dispute may be closely related, but the two causes of action are separate and distinct—one being for the wrong involved in the negligence charged, irrespective of contract; and the other for damages resulting from breaches of an express contract. The fact that the word "negligently" was used in the second count in two connections does not change the nature of that count, because the word, as there used, is mere surplusage, and can be stricken out or disregarded without affecting the sufficiency of plaintiff's statement of her cause of action. This is so because her second count alleges, among other things, that by the contract the defendants stipulated to "keep with her at all times a careful, prudent, and reliable nurse," but that, "notwithstanding their contract, the defendants wholly made default and failed to keep a nurse with her." This allegation is a sufficient statement of a cause of action, although the word "negligently" is not found in it. In the two instances of its use which follow in

the count, one has reference to the "discharge" of a nurse, respecting which there is no express stipulation in the contract, and in the other the use of the word may be quite appropriate, even if not essential. The essence of the plaintiff's claim in the second count is that certain breaches of the contract were, in fact, committed, and obviously the right to recover any damages resulting from such breaches does not necessarily depend upon whether they were "negligently" committed.

There having been a verdict and judgment in favor of the defendants on the first count, and a mistrial as to the second count, it is clear that, while the action for "negligence" has been determined, that for breaches of the express contract has not been adjudicated at all, unless the order of the court in sustaining the motion afterwards made for the dismissal of the cause with prejudice was correct. The defendants' counsel in support of the judgment below in their brief say:

"The issue is res adjudicata. The plaintiff had only one cause of action against the defendants, but had two remedies. She pursued one of them to a final judgment, and the other is merged in that judgment."

This very tersely states the substance of their contention, and among other authorities they cite New Orleans v. Citizens' Bank, 167 U. S. 396, 17 Sup. Ct. 905, 42 L. Ed. 202, Campbell v. Rankin, 99 U. S. 261, 25 L. Ed. 435, Russell v. Place, 94 U. S. 606, 24 L. Ed. 214, and Cromwell v. Sac County, 94 U. S. 357, 24 L. Ed. 195. Those cases, however, and the other authorities cited give no adequate support to the defendants' contention. It is elementary that the judgment of a court of competent jurisdiction upon the merits of a controversy is conclusive in a second suit between the same parties upon the same cause of action. In many cases, however, the question is whether the matter involved in the second suit is the same as that previously adjudicated. The question of identity of causes of action is then of prime importance. That situation may, and often does, require testimony for its elucidation, and then the cases supra would become authoritative.

On the face of the pleadings, the issue under the first count was whether it was negligent not to provide a constant nurse; and the issue under the second count was whether there had been a contract to do so. Prima facie, these issues are distinct; and, prima facie, a cause of action for an injury arising from a tort is a different cause of action from one for an injury resulting from the violation of an express promise, even though the injury and damages be the same. Whether it might have appeared by the testimony in the case upon the trial that the apparent distinction did not really exist is a question not now presented.

However no testimony was heard on the motion to dismiss, and the trial court must have changed the views it had expressed when striking out the second amended declaration, and must have concluded, upon the face of the record, that the matter disposed of by the judgment on the first count was, beyond dispute, the same as that set up in the second. Otherwise we can conceive of no ground upon which the court could have based its judgment on the motion to dismiss with prejudice—no opinion thereon being found in the record.

Assuming that the court, upon further examining the record, had finally reached the conclusion that the two causes of action stated in the amended declaration should be considered as identical, we are constrained to hold that the judgment dismissing the action with prejudice was erroneous, because we are clearly of opinion that the cause of action stated in the second count, at least prima facie, was separate and distinct from that set up in the first count, which had been disposed of by the previous judgment. The issues upon the second count had not, we think, been adjudicated when the motion to dismiss was considered.

Upon the grounds indicated we conclude that the judgment of June 3, 1915, in favor of the defendants on the first count of plaintiff's amended declaration, and which judgment contained a clause reserving for further consideration and orders of the court the matters involved in the second count thereof, was not per se an adjudication of the matters involved in that count, that the plaintiff was not estopped by anything contained in said judgment from prosecuting the claim set up in the second count, that the plaintiff was entitled to have the issues upon that count tried in the regular way, and that it was error to deprive her of that right by sustaining the motion to dismiss.

It results that the judgment of dismissal with prejudice must be reversed, with directions to award the plaintiff a new trial, and to proceed therein in conformity with the views herein expressed.