## VAPOR CAR HEATING CO., Inc., et al. v. GOLD CAR HEATING & LIGHT-ING CO. et al.

(District Court S. D. New York. July 3, 1923.)

1. Patents ⬪=36—Success as evidence of invention.

Evidence of success is of consequence only when there is some new element, the discovery of which may constitute invention.

2. Patents ⬪=327—Decree establishing invalidity of apparatus patent also invalidates patent for process performed by it.

A decree establishing the right of defendant as against the patentee to make, sell, and use an apparatus which is of use only to perform a certain process, on the ground that it was old in the art, is conclusive as between the parties of the invalidity of a patent for the process.

In Equity. Suit by the Vapor Car Heating Company, Inc., and Egbert H. Gold against the Gold Car Heating & Lighting Company and Edward E. Gold. Bill dismissed.

O. R. Barnett, of Chicago, Ill., for plaintiffs.

William A. Redding and Arthur C. Fraser, both of New York City, for defendants.

LEARNED HAND, District Judge. [1] This suit really involves a reargument of my decision in the original suit handed down in May, 1920, 296 Fed. 188. That decision may indeed have been wrong, but nothing has developed on this hearing which changes my conclusions reached at that time. Of course, I feel now as I did then the importance of the evidence drawn from the patentee's success. That is more imposing even than it was, but one cannot make a patent wholly out of the acceptance of the invention by the art. There must be something new, and evidence of success is of consequence only when there is some new element whose discovery may constitute invention. It appears to me, for the reasons which I gave originally, that there was nothing new in the mechanical patent over those references which I there discussed.

All these references include the automatic control of steam in pipes, so to make a radiating system at atmospheric pressure, and there can be no difference that E. H. Gold singled out their use in a train of passenger coaches. That would be at best merely a new use of an old device. I cannot accept as invention such a use, however fruitful it might be. Besides, the application of such devices to railway trains was apparent, and certainly in the case of Tudor actually antedated Gold's patent. Whether there was something in Gold's disclosure which attracted the art, especially after he put his thermostat at the end of the discharge pipe, or whether he has extraordinary astuteness in marketing his wares, no one can say. It often happens that an advance lies dormant till some one comes who can successfully exploit it, perhaps with a minor change in design. That change may be the secret of success, and then it will ordinarily be accepted as invention; but the general elements as disclosed before cannot be invention, however successful the newcomer may be in securing their acceptance.

⬪=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The claims in the earlier suit were for just these general elements in the apparatus which I think as little new now as I did then. The plaintiff has misconceived what I said about the disclosure. There may have been patentable features in it, as I said, though I did not so decide, nor, indeed, had I the right to consider that question. The monopoly rested in the claims and the claims were old. The plaintiff is trying, as is indeed often successfully done, to support an old device through considerations outside the elements claimed; that I conceive is illegitimate.

I start, therefore, with the assumption that the apparatus is old. What, then, of these process claims? They must have the support of some disclosure to be valid at all, and it is not enough merely to say that the steam in the radiators shall be kept at atmospheric pressure automatically. Some specific method of performing the process must be disclosed. The patentee recognized this, and incorporated either by reference or expressly the disclosure of the apparatus patent. He could do no less, since his process was not obvious in the statement. His claims were as general as those in the apparatus patent.

Such being the case, can the process stand, if the apparatus fall? In theory this might be so. A process might be based upon a new series of steps in fixed sequence, all of which should be practiced by the use of old tools or machines, or perhaps without any tools at all. Yet that could be only because there were various uses for the tools, among which the patentee had discovered one which no one had ever thought to select before. But if the tool, or as here the machine, could be used in only one way, and that, too, obvious from its very structure, it would be absurd to allow a patent for the process of using that machine. Indeed, were it otherwise, the result would be effectively to monopolize the old tool or machine itself. One might make and sell it, but use it, in the only way it could be used, one never could. No doubt a process patent does trench on the complete freedom in the use of the machine; as to that especial way of using it, the field is shut off. But that is one thing, and it is toto cœlo another to stop any use of it whatever.

In the case at bar the apparatus described in Gold's original patent had only one possible use; that is, to perform the process disclosed in the patent in suit. Except for that, it was merely junk. If, then, the defendant's customers are to be forbidden to use it, and if the defendant may be enjoined from making and selling it as a contributory infringer to that use, of what value is their original decree? They may make it only for show purposes, and their market is as effectively cut off as though they had lost at the outset.

[2] But the difficulty goes deeper than merely the question of any original mistake of mine. The earlier suit closed with a decree final in form. It is true that with that suit others had been consolidated, and that these have not yet been concluded, from which the plaintiff argues that all is yet interlocutory. That is, however, a mistake. Such consolidations are for convenience only; they do not change the essential character of the suits themselves, and separate decrees are proper in each, as well after, as before, consolidation. This was expressly so

held in Toledo, etc., R. R. Co. v. Continental Trust Co., 95 Fed. 497, 505, 506, 36 C. C. A. 155 (C. C. A. 6). The decree on Gold's apparatus patent was final and appealable, quite as much as though the suits had never been consolidated.

I am not at all sure that that decree was not a merger of the claim upon the process. It established that the defendant might use the apparatus, as well as make and sell it, and the case at bar seeks to prevent its only use. Therefore it would appear that, though the claims made in the suits are not mutually coextensive, one includes the other. However, I think I need not press that point, because, regardless of merger, the decree is of course an estoppel between the parties as to all facts that were decided and necessary to the decision.

To ascertain the scope of that estoppel, primarily the pleadings are the test, and the answer in the former suit pleaded those references as anticipations, which I held to be such. However, it is impossible from the pleadings and decree alone to learn whether any of the references pleaded were held to be anticipations, and the case is therefore one where resort may be had to parol proof to ascertain what in fact were the issues actually decided. Miles v. Caldwell, 2 Wall. 35, 41–43, 17 L. Ed. 755; Burthe v. Denis, 133 U. S. 514, 522, 523, 10 Sup. Ct. 335, 33 L. Ed. 768; Campbell v. Rankin, 99 U. S. 261, 263, 25 L. Ed. 435. The only proof of the sort possible is the opinion, which shows that I held that the apparatus was anticipated, and, though that I conceive to be irrelevant, anticipated by the references there discussed.

Hence it follows that it has been established, conclusively and forever, between these parties, that Gold's apparatus was contained in the earlier art. That is a fact which may be used here as though it had been conceded by the plaintiff. If so, then for the reasons I have already given the process patent necessarily falls. To succeed, the plaintiff would have to show some invention in using that old apparatus in the way described. As there was only one way to use it, and that obviously indicated by the very structure itself, there was no room for any invention in the discovery of a new process. Therefore, even though the former decree did not actually protect the defendant's use under the doctrine of merger, the estoppel of the decree destroyed the process patent.

It is true that in this case Edward E. Gold is a party, as he was not in the earlier suit. However, there is no evidence that he infringes the patent in suit in any other way than as an officer of the defendant company, and that under the rules does not justify a decree against him personally. It follows that from any view this bill must be dismissed upon the merits.

Bill dismissed, with costs.