---

## EILERS v. BOATMAN ET AL.

3    159
10    273
2*    66
37*    482

MINERAL LAND—APPROPRIATION OF—MARKING OUT ON THE GROUND.— The occupant of mining ground on the government domain will be protected in his right where his appropriation of it is by means which are a substantial compliance with the law, and which, in view of all the surrounding circumstances, impart notice to those who have a right to know that the particular mining ground is subject to the dominion of some private claimant; therefore a mining claim is sufficiently marked out on .the ground where stakes and monuments are set at the accessible parts, the inaccessible parts being definitely referred to by courses and distances which are sufficient to point out to any one honestly endeavoring to ascertain where the lines of the claim run.   ·

THE LOCATOR OF A MINING CLAIM, IN MARKING HIS CLAIM ON THE GROUND so that its boundaries can be readily traced, is not required to be exact in running the lines or in fixing the corners or other posts;· a

difference of a few feet or a few points, as stated in this case, between the monuments fixed at the time of the location and those fixed by an actual survey for patent is immaterial, and does not affect the validity of the original location, nor the right of the claimant to the ground as surveyed.

As BETWEEN TWO LOCATORS AND AS AFFECTING THEIR RIGHTS ONLY, ONE CAN NOT LOCATE GROUND of which the other is in actual possession under claim or color of right, because such ground would not be vacant and unoccupied; but the possession of a vein recognized by the mining laws to which protection is given is by one who holds the surface where the vein makes its apex.

THE LOCATION OF A VEIN OR LODE MADE UPON THE SURFACE WHERE THE VEIN OR LODE FINDS ITS APEX will not be defeated by the secret underground workings and possession by parties having no possession of or right to the surface embracing it.

IN A SUIT BROUGHT BY AN ADVERSE CLAIMANT AGAINST AN APPLICANT FOR PATENT, AN EXPRESS FINDING that the applicant is in possession is not necessary to support a judgment of his right to the area in conflict, where the facts found show that the applicant has done all that the law requires to inaugurate a title to and hold a valid mining claim, has a right to the possession, and is constructively at least, if not actually, in possession.

APPEAL from the third district court.    The opinion states the facts.

*Sutherland & McBride,* for the appellant.

*Bennett & Harkness,* for the respondents.

EMERSON, J.:

The defendants in this case having made application for the government title to a certain mining claim, called by them the "Nabob," the plaintiff filed an adverse claim to a portion of the premises, as a part of the Virginia mining claim, which was discovered, located, and owned by him, and in due time he commenced this action to determine the right of possession of the ground in controversy.    The case was tried in the court below without a jury, and resulted in a judgment for the defendants.    The plaintiff appeals from the judgment, and also from an order denying his motion for a new trial.

The findings of fact and conclusions of law are as follows: "1. On or about the fourth day July, 1877, the defendants located the Nabob mining claim, situate in Little Cottonwood mining district, Salt Lake county, Utah, upon a lode of rock in place bearing silver and other metals, the claim consisting

of one thousand five hundred feet in length, to wit, fifty feet south-easterly from the discovery point, and one thousand four hundred and fifty feet north-westerly from the same point. That a notice of location was posted at the discovery point, in which was given the date of location, to wit, July 4, 1877, the names of the locators, the extent of the claim, and described the same as situated on Flagstaff Hill, about one hundred and fifty feet, more or less, westerly from the discovery shaft of the Flagstaff mine, and about thirty six feet, more or less, north-easterly from the northerly side line of the Rough and Ready patented ground; and the metes and bounds were therein stated to be described by a stake driven fifty feet south-easterly from the discovery shaft, marked "No. 1," thence running north-westerly five hundred feet to a red-pine stump blazed on north side, thence to a tree over the divide marked nine hundred feet, thence to a point six hundred feet distant in Day's Fork. A copy of the same notice was filed for record in the office of the recorder of said mining district on the ninth day of July, 1877.

"2. That said locators continued in possession of said claim, actually working the same by an incline run downward from the discovery point, until after the location of the Virginia mining claim; and on the day of the location of the Virginia mining claim, the Nabob was being worked by several men on the conflict area, and a shanty was there erected.

"3. That the locators and claimants of the Nabob mining claim in each year since the location have done more than one hundred dollars' worth of work thereon.

"4. That at the time of the location the locators marked the claim on the ground by setting a stake at the discovery point, by setting a stake in the center of the south-easterly end line marked "No. 1, Nabob," by setting a stake at each corner of the south-easterly end line, by blazing and marking a red-pine stump on the center line about five hundred feet north-westerly from the south-easterly end center stake, and by blazing and marking a tree on the center line about nine hundred feet north-westerly from the south-easterly end of the claim. That no marks on the ground were made either by the locators or the surveyor, who surveyed the claim for a patent on the north-westerly six hundred feet of the claim,,

the ground being down a steep and inaccessible declivity, and the patent survey of that portion being made by triangulation. That the survey of the Nabob mining claim, as set forth in the answer, is substantially in conformity to the boundaries thereof as located.

"6. That on the 10th day of August, 1877, the plaintiff located the Virginia mining claim, and recorded the same, and marked it on the ground so as to include the conflict area in dispute, and on which the defendant were at work as aforesaid. The notice posted and recorded was sufficient under mining laws; and the plaintiff has yearly done more than one hundred dollars' worth of work thereon."

As a conclusion of law it was found:

"1. That the notice of location of the Nabob mining claim contained a sufficient description by reference to natural objects and permanent and well-known monuments to identify the same.

"2. That said Nabob claim was so marked on the ground that its boundaries could be readily traced.

"3. That by reason of the prior location of the Nabob mining claim, and a compliance in respect thereto with mining laws and customs by the defendants, the defendants at the commencement of the action were and still are entitled to the possession of the area in conflict with the Virginia claim, and are now entitled to judgment for said area and costs."

The motion for a new trial was based upon the following grounds, viz.: "1. Insufficiency of the evidence to justify the finding of facts made by the court; 2. That the findings and decision are against law."

Under the first assignment are the following specifications, viz.:

"1. The evidence shows that the boundaries of the Nabob claim were not established on the limits of the claim defined, at the time of the location, or afterwards, until the Virginia was located, surveyed, and marked on the ground and recorded; whereas, the first and fourth findings of fact find that the defendants located the Nabob by the metes and bounds described therein and marked the same on the ground.

" 2. The notice of location of the said Nabob claim as posted and recorded, is insufficient either as a notice or a record to indicate the existence of any lawful claim."

On the ground that the findings and judgment are against law, the following are the specifications of error, viz. :

" 1. The notice of location on the Nabob was insufficient. The notice of the claim as recorded was insufficient.

" 2. The claim was not so marked on the ground that its boundaries could be readily traced, or so that they could be found, until after the survey and location of the Virginia claim.

" 3. The lode upon which the claim called the Nabob was located, including all that part in controversy, was then occupied underground, and had been since 1872, as a mine by the Flagstaff Silver Mining Company, who then and always had claimed to own the vein, and no adverse claim could be initiated to it by the defendants under such circumstances.

" 4. The Nabob location having been made on a vein then actually occupied for mining purposes by other parties, the same was void, and could confer no right or title to the possession upon which a claim for a mineral patent could be based ; and the judgment that the defendants are the owners of said ground in dispute is erroneous."

The second assignment of error under the first ground of the motion for a new trial, and the first assignment under the second ground, seem to have been abandoned by the appellant, as neither is mentioned in his brief, nor referred to on the argument. The record contains no copy of the notice of the Nabob location. According to the findings of the court, which we must presume were supported by the evidence, the conclusion of law that the notice contained a sufficient description by reference to natural objects and permanent and well-known monuments to identify the same was correct.

The evidence establishes the fact that the south-easterly nine hundred feet of the Nabob claim was, at the time of its location, plainly marked out on the ground, not alone by posts and stumps, distinctly marked, along the center line of the claim, but also by stakes at both corners of the south-easterly end, and by trees or stumps on the side lines at points nine hundred feet westerly from them. This is estab-

lished, not only by a strong preponderance of evidence, but by evidence which removes from the mind all reasonable doubt, even of the facts as found by the court. The north-westerly six hundred feet of the claim was not marked on the ground, because it was impossible to do so owing to the nature of the surface.

The locator testifies that he put no marks on this portion of the claim "because of the inaccessible and precipitous nature of the ground beyond the divide." The surveyor who surveyed the claim for a patent testified that "the north-westerly six hundred feet of the claim was surveyed by triangulation, and the lines and corners were not established on the ground because of its precipitous surface."

The defendants claimed one thousand five hundred feet in length on the course of the vein, and nine hundred feet of the claim was plainly marked out on the ground, with courses and distances given, sufficient to point out to any one honestly endeavoring to ascertain where the lines were for the balance of the one thousand five hundred feet. No one could have been misled by the want of stakes on the inaccessible portion, simply because it was inaccessible, and that such was the nature of the ground is an undisputed fact in the case.

The proofs show that the plaintiff, at the time he made his location of the Virginia, was not, to say the least, a very anxious inquirer as to the boundaries of the Nabob, for at that time he found the owners of the latter claim at work in a shaft at or near their discovery point, and without making any inquiry as to the direction or extent of their claim, he completes his location, taking in and including the very ground upon which the defendants were at the time actually working, and which is included in the conflict area.

It is sufficient to give a right to the occupants of mining ground on the government domain, which the courts will protect, to establish by evidence its appropriation by means which are a substantial compliance with the law upon that subject, and which in view of the surrounding circumstances will give notice to those who have a right to know, that the particular mining ground is subject to the dominion and control of some private claimant. The mining laws do not, any

more than any other law, require parties to perform impossibilities.

The same preponderance of testimony shows that the boundaries of the Nabob claim, as surveyed for a patent, are substantially the same as those described in the location, and marked on the ground at. the time the location was made.

There was testimony showing a somewhat. promiscuous marking of trees with the word " Nabob," in various directions, and entirely off from the ground claimed and located by the defendants. The clear inference to be drawn from all the testimony is, that this marking was done by some party unknown to the defendants, and hostile to their interests, and would indicate an attempt to confuse the boundaries of the Nabob claim.

The finding of the court " that the survey of the Nabob mining claim, as set forth in the answer, is substantially in conformity to the boundaries thereof as located," is abundantly sustained in the evidence. It is neither expected nor required that the locator of a mining claim, in marking his claim on the ground so that its boundaries can be readily traced, shall be exact in running the lines, or in fixing. the corner or other posts. It is rarely, if ever, that he has either the time or facilities for making an accurate survey, and a difference of three or five feet, or a few points, as stated in this case, between the monuments fixed by an actual survey for a patent and those fixed at the time of location is immaterial, and does not affect the validity of the original location.

All the findings of the court relative to the location and marking the boundaries of the Nabob claim are· abundantly supported by the evidence, and the correct conclusions of.law were drawn therefrom.

A further contention on the part of the appellant is, that the ground in conflict was not subject to location by respondents at the time their notice of location. was posted, because at that date, and for a long time prior. thereto, the Flagstaff Mining Company were in actual possession of the lode and conflict ground, and working the same. That the respondents could not make a valid location on a lode in the actual possession of another, whether such possession ·was lawful or not.

I have had access to and have examined nearly all in the long list of authorities referred to by the appellant in support of the above proposition, and all of those examined refer to the acquisition of agricultural lands, where the acts constituting the possession, or right to the possession, must be upon or done in reference to the surface. There is a distinction recognized by the courts between the acts essential to indicate the possession and occupancy of agricultural lands and those necessary to show occupancy and dominion of a mining claim: *English* v. *Johnson,* 17 Cal. 115. If the above proposition of the appellant is true, as applied to the facts in this case, it defeats his own right to recover. He is the plaintiff, and to entitle him to recover he was bound to establish his right, as against the respondents, to the conflict area. To show this otherwise than by a paper title from some paramount source, it would be incumbent on him to prove his prior possession or appropriation of it, in some mode which the law sanctions.

If the facts set out in the record constituting the possession of the Flagstaff company rendered the location of the respondents void, that of the appellant would be equally so, as the same facts existed in reference to that.

In reference to the possession of the conflict area by the Flagstaff company, the record discloses "that the Flagstaff mine had been owned by the Flagstaff Silver Mining Company of Utah since February, in the year 1872; that a claim two thousand feet in length, one thousand feet northerly of discovery, had been patented to the company's grantees, and conveyed to it, the surface lines of the patent embracing only about one hundred feet on the length of the lode; that claiming, notwithstanding the course of the patent lines, that it had a right to follow the lode for the length described by the patent, the company and its grantors had extended its works beyond the lines covered by the patent, with and along the course of the vein, underground, beyond that portion the apex of which crops out in the ground in dispute between the plaintiff and defendants; that drifts and levels driven from the discovery shaft and main working shaft of the Flagstaff mine had penetrated the hill along the vein on its dip and strike to the northerly, and at the time of the location of both

the Nabob and Virginia claims was used, held, and occupied at various depths by those having possession in behalf of said company; and that the workmen and miners in both the Virginia and Nabob, before reaching the depth of one hundred feet, distinctly heard the workmen employed in the Flagstaff mine, and the mining works were actually connected at different points underground; that the Virginia tunnel, indicated on the map of the underground works, was connected with the old Flagstaff works at a point about one hundred and forty feet in depth, and the Nabob at other points not exceeding that; that the vein was occupied on its course and dip by said Flagstaff company, to a distance north-west exceeding the limits of the ground in dispute, said occupation being entirely underground and not visible on the surface."

In other words, and in brief, the patent to the Flagstaff company embraced only about one hundred feet on the length or course of the vein; this claim having been laid and patented across the vein, and not along it on its course.

According to the decision of this court in a case against this same company, involving its right to extend its workings beyond the side lines of its claim; and which was affirmed by the supreme court of the United States, the side lines of the Flagstaff location are, in effect, the end lines of their claim on the course of the vein: *Flagstaff Silver Mining Company* v. *Tarbet*, 98 U. S. 463.

The Flagstaff company was, according to the facts, a secret underground trespasser in exploring and working beyond the side line of this location, and under the surface ground in dispute.

The possession of a vein recognized by the mining laws, and to which protection is given, is by one who holds the surface where the vein makes its apex. The location of a vein or lode made upon the surface where the vein or lode finds its apex will not be defeated by the secret underground workings and possession by parties having no possession of or right to the surface embracing it.

The secret underground trespass of the Flagstaff company does not affect the rights of either the appellant or respondents.

It is conceded by the respondents, and is doubtless true,

that, as between two locators, and as affecting their rights only, one can not locate ground of which the other is in actual possession under claim or color of right, because such ground would not be vacant and unoccupied. This would affect the appellant's right to recover for the conflict area in dispute, it being an undisputed fact that at the very time when the Virginia was located by him, the respondents, the locators of the Nabob, were in actual possession, sinking their incline shaft and occupying a shanty on the ground.'

It is further contended on the part of the appellant that the judgment can not be sustained, because there is no finding of fact that the defendants were in possession of the property in controversy at the time of filing the answer, or at the commencement of the action. He claims that this is a jurisdictional question, and may be taken advantage of at any time.

It is difficult to conceive how the want of possession by the defendants can be a jurisdictional question, as affecting their right to a judgment in their favor, if the plaintiff, who had inaugurated the suit against them, failed to work out his case. The judgment settled the right of the defendants to the conflict area only as against the plaintiff. There being no other adverse party to the record, no one else is bound by it. And besides, the facts as found by the court establish the defendants' right to the possession, and that they had done all that is required by law in order to inaugurate a title to and hold a valid mining claim, and that they were constructively at least, if not actually, in possession.

The judgment is affirmed.

HUNTER, C. J., and TWISS, J., concurred.