McINTOSH et al. v. PRICE et al.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1903.)

No. 856.

1. REVIEW ON ERROR—FINDINGS OF FACT.

Findings of fact made in an action at law tried to the court stand as the verdict of a jury, and cannot be disturbed by the appellate court when supported by evidence.

2. MINING CLAIMS—EXCESS IN WIDTH—RIGHT TO RELOCATE EXCESS.

A second locator cannot enter within the boundaries of a placer mining claim as staked by a prior locator, and make a valid location of ground of which the first locator is in actual possession, and which he is engaged in working, on the ground that the first claim as staked exceeded the width prescribed by the local rules and regulations. Conceding (but not deciding, the area of the claim being less than that permitted by the regulations) that as to the excess in width the original location was void, and such excess subject to relocation, the owner was entitled to select the portion which he would hold, and to draw in his lines, and could not be ousted from the portion he was engaged in working in good faith by a second locator thereon.

3. SAME—RECORD OF LOCATION NOTICE.

In an action involving a placer mining claim in Alaska located before survey, and before Congress had made any provision for recording location notices, evidence in respect to the recording of the notice is immaterial, and error cannot be predicated on the admission of incompetent evidence to prove such fact.

4. SAME—MARKING BOUNDARIES.

The locator of a placer mining claim sufficiently complied with the law as to markings where he designated the boundaries by reference to the

corner of a prior claim, where he placed a substantial stake monument, and by placing at each of the other corners and in the center of each end line substantial stakes, so that the boundaries could be readily traced.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Thompson, Murane & Thompson and Chas. J. Pence, for plaintiffs in error.

Gordon Hall and Edward J. Hill, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. This is an action of ejectment brought by the defendants in error to recover the possession of a strip of mining ground 18 feet wide at one end, 29 feet at the other, and 1,061 feet long. This land was located as a placer mining claim on August 27, 1900, by E. G. Gould, the grantor of the plaintiffs in error, and was again located on October 26, 1901, by Gould and his grantees. The defendants in error asserted the right to possess said strip by virtue of a location made on May 29, 1899, by Thorulf Kjelsberg, of a placer claim purporting to be, both by the notice of location and by the recorder's certificate, 1,820 feet in length and 660 feet in width, but which in fact was so staked upon the ground as to include a tract 1,061 feet long by 770 feet in width, and by virtue of a location made by Magnus Kjelsberg, the brother of Thorulf, on August 13, 1900, purporting by the notice and the recorded certificate to include a tract 1,320 feet long and 660 feet wide, but so staked upon the ground as to mark a tract 1,061 feet long and 671.9 feet wide at one end, and 689 feet wide at the other. These locations were attempted to be made under local mining rules and regulations, which prescribed that a placer location should be 1,320 feet in length by 660 feet in width. As marked upon the ground by the boundary stakes of the second location, the claim was wider than the prescribed 660 feet by about 18 feet at one end and 29 feet at the other. It was this excess over the prescribed width that the plaintiffs in error and their grantor subsequently located, claiming that as to that portion of the claim located by the Kjelsbergs their location was void. The case was tried before the court without a jury. The court made full findings of the facts, including therein the facts above recited, and in addition thereto found that both Thorulf and Magnus Kjelsberg duly staked their claim, and prior to August 17, 1900, made valuable discoveries of gold thereon, and that, at the time of the location made by E. G. Gould, Thorulf Kjelsberg, by his agents and associates, was actually engaged in working, excavating, digging, and rocking gold in that part of the Kjelsberg location which is within the boundaries of the ground in controversy. It is earnestly contended by the plaintiffs in error that this finding is unsupported by the evidence, but the fact so found was testified to by Magnus Kjelsberg, and the findings of the court upon the facts stand as the verdict of a jury when reviewed in an appellate court. Empire State-Idaho M. & D. Co. v. Bunker Hill & S. M. Co., 52 C. C. A. 219, 114 Fed. 417, and cases there cited.

The principal questions involved on the review of the case in this court are: First, was the Kjelsberg location void as to all ground therein included in excess of the width of 660 feet? And, second, if it was void as to such excess, could a subsequent locator enter upon that part of the claim of which the defendants in error were in the possession and from which they were actually engaged in extracting the gold, and make a valid location thereof? The local mining rules so referred to give to a locator of a placer claim 20 acres, but require that it be located 1,320 feet in length and 660 feet in width. Both Kjelsbergs by their locations professed to comply with this rule, but in fact deviated therefrom by staking a claim shorter and wider than the rule prescribed, but containing within the boundaries so marked less than the allotted 20 acres. Much of the discussion upon the review of the case in this court refers to the interesting question whether such a local mining rule is mandatory, and whether the failure to comply therewith as to the prescribed width renders the Kjelsberg location void as to the excess in width. We do not find it necessary to determine that question, as we are very clearly of the opinion that if any portion of the ground located by the Kjelsbergs was subject to relocation, as being in excess of the permitted width, the owners thereof in possession, under the circumstances found by the trial court, could not be deprived of the right to select the portion thereof which they would elect to hold, and that another locator had no right to enter upon that portion of the claim in which they were working, and which was the valuable portion thereof, and oust them from possession by making a location thereon. The defendants in error were given no notice that the width of their claim was excessive, or that any part of their location was void, and they were given no opportunity to draw in their lines so as to comply with the local mining regulations. The policy of the mining laws of the United States does not permit a locator to thrust out of the possession of his discovery and the pay streak of his claim one who has located a placer claim in attempted compliance with the mining rules and laws, and who is actually engaged in mining upon that portion of his claim. A case directly decisive of the question in Haws v. Victoria Copper Mining Co., 160 U. S. 303, 16 Sup. Ct. 282, 40 L. Ed. 436. In that case the Victoria Mining Company was in possession of and was engaged in working certain mining claims. One of its employés, dscovering what he conceived to be fatal defects in the location notices of the claims, conceived the secret intention of taking possession of the property for his own benefit, secured the assistance of another, and made locations on the ground then occupied by his employer, set stakes and posted notices, and in the nighttime ousted the mining company from its possession. The court held that such an intruder and trespasser could not make his wrongdoing successful by asserting a flaw in the title of him against whom the wrong had been committed. In Eilers v. Boatman and Others, 111 U. S. 357, 4 Sup. Ct. 432, 28 L. Ed. 454, the Supreme Court, affirming the decision of the territorial court of Utah in Eilers v. Boatman, 3 Utah, 167, 2 Pac. 66, held that one cannot locate ground on which another is in the actual possession under claim and color of right, because such ground is not vacant and unoccupied. In Ather-

ton v. Fowler, 96 U. S. 515, 24 L. Ed. 732, the court held that no right of pre-emption can be established by settlement and improvement on public lands where the claimant has obtained possession by breaking into the inclosure of one who had already settled upon, improved, and inclosed the same land.

The plaintiffs in error rely upon the case of Richmond Mining Co. v. Rose, 114 U. S. 576, 5 Sup. Ct. 1055, 29 L. Ed. 273. In that case the plaintiffs, three in number, had located a lode mining claim 800 feet in length along the ledge, whereas they were entitled under the local mining rules and the statute to 200 feet each. The court said:

"We can see no reason, in justice or in the nature of the transaction, why the excess may not be rejected, and the claim be held good for the remainder, unless it interferes with rights previously acquired. It appears by the facts found that 140 feet of the east end of the plaintiffs' location is lost to them by the superior right of the Tip Top claim, leaving only 60 feet of excess; and this, if it were necessary, might be excluded by the government at the other or western end of the claim when it comes to issue the patent, which would leave plaintiffs only the 600 feet in one body, in regular form. This also would interfere with no prior rights, and would give plaintiffs the benefit of their claim to the extent of 200 feet for each locator."

It is claimed that the sentence, "unless it interferes with rights previously acquired," indicates that in the opinion of the court the excess might be cut off from the claim, and the locations be held good for the remainder, provided that at the time when it was done no one else had asserted a right to any portion thereof. But we do not so understand the language of the court. "Rights previously acquired," so referred to, evidently mean rights acquired prior to the time when the rights of the plaintiffs were initiated. The court conceded that from one end of their claim 160 feet was taken off by the rights previously acquired by the Tip Top claim, the location of which was made prior to the location of the plaintiffs, and proceeded to say that the 60 feet of excess might, when patent issued, be taken off at the other end, and that the claim would be held good for the remaining 600 feet, unless it interfered with rights previously acquired; that is to say, rights by previous location, such as the rights of the owners of the Tip Top claim.

Error is assigned to the rulings of the court in permitting the defendants in error to introduce evidence of local mining rules and regulations without first showing the proper organization of a mining district, and in permitting Magnus Kjelsberg to answer the question, "Who was the recorder of the district on June 5, 1899?" and in permitting the defendant in error to introduce in evidence the record notice of location of Thorulf Kjelsberg. In the view we take of the case, all these questions become immaterial. At the time of the Thorulf Kjelsberg location the land was unsurveyed, and Congress had not undertaken to require a record of mining locations or to prescribe the essentials thereof. The Magnus Kjelsberg location was made after the Code of Alaska had gone into effect. It was made to perfect the original location. The only ground upon which the validity of the record of this second location is disputed is that no reference is made therein to natural objects or monuments sufficient to identify the same. The trial court found that Magnus Kjelsberg designated the claim

"by placing at the northeast corner of Bench Claim No. 1, below Snow Gulch on Glacier Creek, first tier, a substantial stake monument," and by placing at each of the other corners, and near the center of each end line, good and substantial stakes, so that, as marked upon the ground, the boundaries could be readily traced. This is a sufficient compliance with the law. It is not always possible to connect a location with a natural object. It is sufficiently identified if reference be made to a permanent monument, such as the stake which is described in the findings, or to the boundaries of the adjoining claim, Bench Claim No. 1. Lindley on Mines, § 383; Hammer v. Garfield Mining Co., 130 U. S. 291, 9 Sup. Ct. 548, 32 L. Ed. 964.

The judgment of the District Court is affirmed.