[Civil No. 886. Filed March 30, 1905.]

[80 Pac. 400.]

THE MEYER–CLARKE–ROWE MINES COMPANY, a Corporation, Plaintiff and Appellant, v. ALBERT STEINFELD, Defendant and Appellee.

1. MINES AND MINING—LOCATIONS—BOUNDARIES — DECREE — INCONSISTENT WITH FINDINGS.—A decree placing the northwest corner of a patented mining claim only five hundred and fifty-five feet from the southwest corner is not sustained by the findings of the court making the claim a rectangular parallelogram with the opposite end-line six hundred feet long.

2. BOUNDARIES—SURVEYS—MONUMENTS—COURSES AND DISTANCES.—In ascertaining boundaries, where monuments are definitely established, these control courses and distances. Where these are not definitely established and identified, then courses and distances must be fol-

lowed, unless they be irreconcilable, in which case courses prevail over distances.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Reversed.

The facts are stated in the opinion.

William M. Lovell, for Appellant.

The principle to be extracted from the cases is this: "That the lines actually intended by the parties, if they can be ascertained, are to control. The rules adopted in the construction of boundaries are those which will best enable the court to ascertain the intention of the parties. Thus, preference is given monuments, because they are least liable to mistake, and the degree of importance given to natural or artificial monuments, courses, and distances, is just in proportion to the liability of parties to err in reference to them. But they do not occupy an inflexible position in regard to each other. To hold otherwise would be to give greater importance to the rule itself than to the reason of the rule. It may sometimes happen in case of a clear mistake an inferior means of location will control a higher one." *Ferris* v. *Coover*, 10 Cal. 628. See, also, *Davis* v. *Rainsford*, 17 Mass. 207; *Moore* v. *Reilly*, 68 Tex. 668, 5 S. W. 618; *Stroup* v. *McClosky*, (Pa.) 10 Atl. 421; *Miller* v. *Beeler*, 25 Ill. 147; *Corn* v. *McCrary*, 48 N. C. 496; *Pernam* v. *Wead*, 6 Mass. 132; *Sayers* v. *City of Lyons*, 10 Iowa, 255; *Quinn* v. *Hart*, 43 Pa. St. 341.

Selim M. Franklin, for Appellee.

"The boundaries of land, as marked out by definite monuments, will control courses and distances called for." *McEwen* v. *Bulkley*, 65 U. S. 242, 16 L. Ed. 672; *Higueras* v. *United States*, 72 U. S. 827, 18 L. Ed. 469; *Bartlett L. and L. Co.* v. *Saunders*, 103 U. S. 316, 26 L. Ed. 542.

"Where there is a conflict between field-notes and the original monuments, the field-notes must yield to the monuments." *McClintock* v. *Rogers*, 11 Ill. 279; *Ogilvie* v. *Copeland*, 145 Ill. 98, 33 N. E. 1085; *Robinson* v. *Laurer*, 27 Or. 315, 40 Pac. 1012.

"Monuments control over field-notes and map." *Baur* v. *Gottmanhausen*, 65 Ill. 499.

"The original monuments established during a government survey control courses and distances." 8 Century Digest, p. 415.

SLOAN, J.—The appellant is the owner of a patented mining claim situate in Pima mining district, county of Pima, known as the "Patterson." The appellee is the owner of an adjoining mining claim known as the "Iron Mountain Lode Mining Claim." In 1902 appellee began proceedings to obtain patent to the last-mentioned claim, and caused a survey of the same to be made, which included a strip of land claimed by the appellant to be included within the boundaries of the Patterson. This suit was brought by appellant, under the provisions of section 2324 of the Revised Statutes of the United States (U. S. Comp. Stats. 1901, p. 1426), to establish its ownership and right of possession to the ground in dispute. The Patterson was surveyed for patent in 1882, and a patent issued thereto in 1884. The description of the land is set forth in the patent as follows:—

"Beginning at the southwest corner of the claim, a pine post 2x4 inches in size in mound of stones, marked 'P. No. II,' the same being the southeast corner of lot No. 43, made for the claim of the Santa Rita Land and Mining Company upon the San Xavier lode; thence north eighty-one degrees east, fifteen hundred (1,500) feet to the southeast corner of the claim, a pine post 2x4 inches in size, in mound of stones marked 'P. No. III'; thence north nine (9) degrees west, three hundred feet to a pine post 2x4 inches in size in mound of stones, marked 'P. No. IV,' from which shaft No. 3 bears south eighty-one (81) degrees west at the distance of one hundred feet; six hundred feet to northeast corner of claim, a pine post 2x4 inches in size in mound of stones, marked 'P. No. V'; thence south eighty-one (81) degrees west, fifteen hundred (1,500) feet to the northwest corner of the claim, a pine post 2x4 inches in size in mound of stones, marked 'P. No. VI'; thence south nine (9) degrees east three hundred feet to initial monument, a pine post 2x4 inches in size in mound of stones, marked 'P. No. I,' from which United States mineral monument No. 2 bears south seventy-seven (77) degrees, fifty-two minutes west, at the

distance of thirty-eight hundred and ninety-two (3,892) feet; six hundred (600) feet to the place of beginning, containing twenty and sixty-six hundredths (20.66) acres of land, more or less, and embracing fifteen hundred (1,500) linear feet easterly from the initial monument on said Patterson lode, as . . . in the following plat:''

The issue made by the pleadings was as to the exact location of the north boundary line of the Patterson. The trial court found that the position of the initial monument of the Patterson, which, by the calls of the patent, was the west end center monument, was established by the proof and remained at the point where originally located; that the southwest corner was likewise established by the proof to be at the point where originally located, and to bear from the initial monument south, nine degrees east, a distance of two hundred and eighty-nine feet; that the southeast corner monument remained as originally located, and bore from the southwest corner, approximately, the course north, eighty-one degrees east, fifteen hundred feet; that the east end center monument remained on the ground as originally located three hundred feet north, nine degrees west, from the southeast corner. The original northeast corner of the Patterson was found by the court to be north, nine degrees west, from the east end center monument, and at a distance of three hundred feet therefrom. The court further found that the original monument marking the northwest corner of the Patterson could not be found, and was not established by the proof; that, running from the northeast corner, fifteen hundred feet south, eighty-one degrees west—being the course called for in the patent—the northwest corner of the Patterson was fixed at a point bearing north, nine degrees west, from the initial monument, and at a distance of 266.4 feet therefrom.

The rule adopted by the court in ascertaining the north-west corner of the Patterson, and hence its north side line, was theoretically the true one. In ascertaining boundaries, where monuments are definitely established, these control courses and distances. *McEwen* v. *Bulkley*, 24 How. 242, 16 L. Ed. 672; *Higueras* v. *United States*, 5 Wall. 827, 18 L. Ed. 469; *Bartlett* v. *Saunders*, 103 U. S. 316, 26 L. Ed. 546. Where these are not definitely established and identified, then courses and distances must be followed, unless they be irreconcilable, in which case courses prevail over distances. *Morse* v. *Rogers*, 118 Mass. 573. It will be noted that by the calls in the patent the Patterson, as surveyed, was a rectangular parallelogram. The effect of the findings is to make the end lines of the Patterson parallel, but the east end line six hundred feet, and the west end line 555.6 feet, in length. The course of the south side line is found to be approximately north, eighty-one degrees east, and the length is found to be fifteen hundred feet, as called for in the patent. The course of the north side line adopted by the court, following the description of the patent, was south eighty-one degrees west, and is therefore at right angles with the east end line, and is also at right angles with the west end line. The south side line being of the same length as the north side line, as projected by the court, must likewise be at right angles with the end lines. The findings of the court therefore make the claim a rectangular parallelogram. But this is contradictory and irreconcilable with the location of the northwest corner at the distance of 266.4 feet from the initial monument, and irreconcilable with the conclusion of the court fixing the north side line of the Patterson as identical with the south side line of the Iron Mountain claim. It is apparent, therefore, that the decree of the court excluding the ground in controversy from the Patterson, and including it within the boundaries of the Iron Mountain, claim, is not sustained by the findings.

The conclusion we have reached and expressed renders it unnecessary to consider various assignments of error made by the appellant.

For the reason given, the judgment must be reversed and the cause remanded for a new trial.

KENT, C. J., and DOAN, J., concur.