## BULETTE v. DODGE et al.

(Third Division.  Fairbanks.  June 12, 1905.)

No. 260.

1. MINES AND MINERALS—WHAT CONSTITUTES A LEGAL LOCATION.

Three acts must necessarily concur to bring into existence a valid placer mining location:  First, there must be such a marking of the boundaries of the claim by stakes or other permanent monuments that they can be readily traced; second, a notice of the location describing the claim with reasonable certainty must be filed and recorded in the precinct where the claim lies within 90 days from the date of the discovery of the claim; and, third, a discovery of mineral must be made within the limits of the claim.  When these three acts are completed, and not before, the claim is perfected, provided other rights have not intervened.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, §§ 18–59.]

2. SAME.

Marking the boundaries and recording, without discovery or any attempt to find mineral on the claim, "would be justly treated as a mere speculative proceeding, and would not of itself initiate any right."  Erhardt v. Boaro, 5 Sup. Ct. 560, 564, 113 U. S. 527, 536 (28 L. Ed. 1113), followed.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, §§ 23–27.]

3. SAME.

While marking, recording, and discovery are each necessary to the creation of a valid placer claim, it is not material in what order they are performed.  No claim, however, is perfected until 'discovery, and, as a general rule, if after A. has marked and recorded, B. marks, records, and discovers mineral, the claim is B.'s.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, §§ 18–59, 64.]

4. SAME—PROTECTION AGAINST TRESPASS.

A miner who enters peaceably and in good faith upon public lands not in the possession of another, and not already segregated from the public domain as a valid and subsisting placer

claim, and who actually begins and continues to sink his discovery shaft, will be protected from subsequent intruders and trespassers.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, § 28.]

5. SAME—LANDS OPEN TO LOCATION—PRIOR OCCUPATION.
One cannot locate ground of which another is in actual possession under claim or color of right, because such ground would not be vacant and unappropriated.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, §§ 68, 69, 72.]

6. SAME—PRIOR POSSESSION OF PART—EFFECT.
The actual prior possession of a part of a mining claim gives the legal possession to the whole.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mines and Minerals, §§ 64, 69, 72.]

7. SAME.
Where one is in actual prior possession of mining ground, and in good faith engaged in labor in complying with the mining laws, another could not, by subsequent entry or trespass, initiate any valid claim thereto.

8. SAME.
The first actual possessor and worker is first in law. The actual prior posssession of the first occupant would be better than the subsequent possession of the last. The possession of the first actual occupant will be protected, so long as he continues in good faith to work in compliance with the mining laws, rules, and regulations.

This is a suit in equity to quiet title to bench placer mining claim No. 3, first tier above discovery, on the right limit of Dome creek, in the Fairbanks mining district, Alaska. The defendant Dodge located the claim on May 28, 1903, by marking the boundaries and recording within the 90 days. A junior location was made by plaintiff by a similar marking and recording within 90 days.

After his marking and recording, and in October, 1904, the plaintiff first took actual possession of the ground, and placed machinery thereon for sinking a discovery shaft through the

deep layer of nonmineral bearing muck, to enable him to make a discovery in the gold-bearing gravels above bed rock. Subsequent to plaintiff's entry and possession, and while the plaintiff was actually on the ground at work, the defendant Schmidt and employés came upon the claim, and began to sink a discovery shaft for the same purpose. The evidence shows that the plaintiff made the first discovery.

McGinn & Sullivan, for plaintiff.
Carr & Nye, for defendants.

WICKERSHAM, District Judge. Three acts must necessarily concur to bring into existence a valid placer mining location: First, there must be such a marking of the boundaries of the claim by stakes or other permanent monuments that they can be readily traced; second, a notice of the location, describing the claim with reasonable certainty, must be filed and recorded in the precinct where the claim lies within 90 days from the date of the discovery of the claim; and, third, a discovery of mineral must be made within the limits of the claim. Redden v. Harlan, 2 Alaska, 402. When these three acts are completed, and not before, the claim is perfected, provided other rights have not intervened. It is conceded that both parties to this controversy marked the boundaries and recorded in compliance with the law; the defendants being prior in point of time in both. In Erhardt v. Boaro, 113 U. S. 527, 535, 536, 5 Sup. Ct. 560, 564 (28 L. Ed. 1113), the Supreme Court of the United States said:

"In all legislation, whether of Congress or of the state or territory, and by all mining regulations and rules, discovery and appropriation are recognized as the sources of title to mining claims, and development, by working, as the condition of continued ownership, until a patent is obtained. * * * A mere posting of a notice on a ridge of rocks cropping out of the earth, or on other ground, that the poster has located thereon a mining claim, without any discovery or knowledge on his part of the existence of metal there, or in its immediate

vicinity, would be justly treated as a mere speculative proceeding, and would not, of itself, initiate any right."

It is equally the law that the placing of stakes to mark the boundaries of a tract of public land, and the recording of a notice of location thereof within 90 days thereafter with the recorder in the precinct where the stakes are so set, without any discovery of mineral or knowledge on the part of the person so marking and recording of the existence of metal there, where he permits a year and a half to elapse without any effort to explore the land to discover mineral thereon, as did the defendant in this case, "would be justly treated as a mere speculative proceeding, and would not, of itself, initiate any right." While marking, recording, and discovery are each necessary to the creation of a valid placer claim, it is not material in what order they are performed. No claim, however, is perfected until discovery, and, as a general rule, if after A. has marked and recorded B. marks, records, and discovers mineral, the claim is B.'s.

While discovery is the main question in this case, it is preceded by the demand of the plaintiff for protection as one who was in prior actual possession and was at work on the claim when the defendants first entered to make discovery. The evidence discloses that the plaintiff entered upon this claim in October, 1904, and began in good faith to sink a discovery shaft through the muck to the gold-bearing gravels below. The defendants entered thereafter, and began to sink a similar shaft for the same purpose. Has a miner who enters peaceably and in good faith upon public lands not in the possession of another, and not already segregated from the public domain as a valid and subsisting placer claim, and who actually begins and continues to sink his discovery shaft, a right to the protection of the courts from subsequent intruders and trespassers? I am persuaded that he has a right to such protection.

The Supreme Court of Utah said in a case which was affirmed on appeal to the Supreme Court of the United States:

"It is conceded by the respondents, and it is doubtless true, that as between two locators, and as affecting their rights only, one cannot locate ground of which the other is in actual possession under claim or color of right, because such ground would not be vacant and unoccupied. This would affect the appellant's right to recover for the conflict area in dispute; it being an undisputed fact that at the very time when the Virginia was located by him the respondents, the locators of the Nabob, were in actual possession, sinking their incline shaft, and occupying a shanty on the ground." Eilers v. Boatman, 3 Utah, 159, 2 Pac. 66, 15 Morr. Min. R. 462, affirmed 111 U. S. 356, 4 Sup. Ct. 432, 28 L. Ed. 454; Price v. McIntosh, 1 Alaska, 286, 301, affirmed McIntosh v. Price, 121 Fed. 716, 718, 58 C. C. A. 136.

It is fairly demonstrated by the evidence that, prior to any attempt by the defendants to discover mineral on this claim, the plaintiff was in the actual possession thereof, and in good faith actually engaged in sinking a discovery shaft. This actual possession of a part gave him possession of the whole. English v. Johnson, 17 Cal. 108, 76 Am. Dec. 574, approved in Campbell v. Rankin, 99 U. S. 261, 262, 25 L. Ed. 435. Being in the actual prior possession of the claim, and in good faith engaged in labor in complying with the mining laws, the defendants could not, by subsequent entry or trespass, initiate any valid claim thereto. McIntosh v. Price, 121 Fed. 716, 719, 58 C. C. A. 136; Atherton v. Fowler, 96 U. S. 515, 24 L. Ed. 732; Miller v. Chrisman, 140 Cal. 440, 73 Pac. 1083, 74 Pac. 444, 98 Am. St. Rep. 63; Weed v. Snook, 144 Cal. 439, 77 Pac. 1023. Subsequent to the plaintiff's actual possession, and while he was engaged in sinking his discovery shaft, the defendants entered for the purpose of discovery, though they had neglected that duty for a year and a half since their staking. The spirit of the mining law, and the law itself, requires the courts to protect the miner who enters in good faith upon the mining lands of the United States to make a discovery of mineral.

"And whenever preliminary work is required to define and describe the claim located, the first discoverer must be protected in the possession of the claim until sufficient excavations and development can be made, so as to disclose whether a vein or deposit of such richness exists as to justify work to extract the metal. Otherwise, the whole purpose of allowing the free exploration of the public lands for the precious metals would in such cases be defeated, and force and violence in the struggle for possession, instead of previous discovery, would determine the rights of claimants." Erhardt v. Boaro, 113 U. S. 527, 535, 5 Sup. Ct. 560, 564 (28 L. Ed. 1113).

The first actual possessor and worker is first in law. The actual prior possession of the first occupant would be better than the subsequent possession of the last. English v. Johnson, supra. The possession of the first actual occupant will be protected so long as he continues in good faith to work in compliance with the mining laws, rules, and regulations.

In addition to his right of possession, the evidence satisfies me that the plaintiff was the first actual discoverer of gold, and thus first completed a valid placer location of the ground in dispute. There may be judgment for the plaintiff in accordance with these views.