CARDONER v. STANLEY CONSOL. MIN. & MILL. CO. (three cases).

(Circuit Court, D. Idaho, N. D.  December 8, 1911.)

Nos. 400–402.

1. MINES AND MINERALS (§ 18*)—MINING CLAIMS—VALIDITY—EFFECT OF EXCESSIVE LOCATION.

In the absence of fraud, a mining claim in excess of the maximum allowed by law is not void, and the locator may remedy the defect by abandoning the excess.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 29–36; Dec. Dig. § 18.*]

2. MINES AND MINERALS (§ 18*)—BOUNDARIES OF MINING CLAIMS—DISCREPANCY BETWEEN LOCATION NOTICE AND MARKED BOUNDARY.

Where there is no evidence of fraud in the location of a mining claim, and there is a variance between the calls of the location notice and the boundaries of the claim as actually staked upon the ground, and the monuments and stakes fully comply with all statutory requirements and are in place, the locator is not limited to the claim as described of record, unless a subsequent locator has knowledge of such description and acts thereon, but may claim according to the boundaries as marked.

[Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. §§ 29–36; Dec. Dig. § 18.*

Extent and boundaries of mining claims or locations, see note to Jones v. Wild Goose Mining & Trading Co., 101 C. C. A. 355.]

In Equity.  Suit by Damian Cardoner against the Stanley Consolidated Mining & Milling Company.  Three cases.  Decrees for plaintiff.

Myron A. Folsom, for plaintiff.

Alex M. Winston, for defendant.

DIETRICH, District Judge.  These three cases, numbered 400, 401, and 402, having the same title and involving substantially the same controversy, have been submitted upon the same agreed statement of facts.  The plaintiff is the owner of the Rattler and Jerusalem lodes, the location of which antedates that of three claims owned by the defendant, namely, the Panorama No. 3, the Ibex, and the Leopard Fraction.  The Panorama No. 3 and the Ibex conflict with the Rattler, as the latter was actually located upon the ground, and to some extent the Leopard overlaps both the Rattler and the Jerusalem. The defendant has made application for patents, and the plaintiff, having filed in the land office his adverse claims, brings these actions in support thereof.  The questions presented arise out of a discrepancy between the description contained in the location notice of the Rattler lode and the boundaries of the claim as the same was actually located and marked upon the ground.  In the notice of location the description is as follows:

"Commencing at this discovery post, being the center of the vein or claim, and upon which this notice is posted, thence 800 feet westerly to a post marked west center end, thence 300 feet northerly to a post marked northwest corner, thence 1500 feet easterly to a post marked northeast corner, thence 300 feet southerly to a post marked east center end, thence 300 feet

southerly to a post marked southeast corner, thence 1500 feet westerly to a post marked southwest corner, thence 300 feet northerly to west center end."

In another portion of the notice claim is made for 300 feet on each side of the middle of the vein and 800 feet westerly and 700 feet easterly from the discovery shaft. The preliminary notice required by law contained a similar description. It will thus be seen that the claim as set forth in the preliminary notice and in the posted and recorded notice of location was for a tract 600 feet wide and 1,500 feet long, the same in length extending 800 feet westerly and 700 feet easterly from the discovery shaft; whereas, as the location was actually made upon the ground by stakes and monuments, it extended something over 1,100 feet westerly and 400 feet easterly from the discovery shaft. Assuming the description found in the location notice to be correct, no conflict is presented; the ground in dispute being more than 800 feet westerly from the Rattler's discovery shaft. One of the side lines of the Rattler as located upon the ground is approximately 1,650 feet long, 150 feet in excess of the maximum allowed by law. It is contended by defendant that the location of the Rattler is invalid, first, because of this excessive length; and, second, because of the variance between the description in the notice and the lines as actually marked upon the ground. And it is further urged that, if the claim is not held to be wholly invalid, the plaintiff must at least be limited to the ground described in the location notice. The evidence is wholly insufficient to warrant a finding of fraud upon the part of the locators of the Rattler, and, while the defendant speaks of "swinging" the claim 400 feet to the westward, the stipulation of facts precludes a finding to that effect. It, is expressly stipulated that the claim as originally located upon the ground did not correspond to the claim described in the location notice. The discrepancy between the description of the notice and the actual location existed from the beginning. The stakes were never changed, and there was no "swinging" of the claim. The only evidence of fraud in making the location longer than that allowed by law is the simple fact that the claim is too long by about 150 feet on one side and less than that amount upon the other. But that in itself is insufficient upon which to base a finding of fraud. When the plaintiff caused a survey to be made for adverse purposes, the westerly end line was drawn in to a sufficient extent to leave the claim the statutory length.

[1] In the absence of fraud, a claim in excess of the maximum allowed by law is not void, and the locator may remedy the defect by abandoning the excess. Jones v. Wild Goose Co. (C. C. A. 9th) 177 Fed. 95, 101 C. C. A. 349, 29 L. R. A. (N. S.) 392; Waskey v. Hammer (C. C. A. 9th) 170 Fed. 31, 95 C. C. A. 305; Zimmerman v. Funchion (C. C. A. 9th) 161 Fed. 859, 89 C. C. A. 53; McIntosh v. Price (C. C. A. 9th) 121 Fed. 716, 58 C. C. A. 136; McElligott v. Krogh, 151 Cal. 126, 90 Pac. 823.

[2] The only serious question presented by the stipulation, therefore, is whether as against the defendant, the plaintiff may claim according to the stakes and monuments, or whether he shall be held to be bound by the description of the location notice. If the

defendant had seen or otherwise acquired knowledge of the contents of the location notice and had acted thereon, I would have no hesitation in sustaining its contention; but it is expressly stipulated that neither the defendant nor any of its officers or agents ever saw or had any knowledge of the location notice either as posted or recorded, and they were not aware of the contents thereof. Representatives of the defendant company went upon the ground at the time its claims were located, but only one of the Rattler stakes was found, and the inscription upon that was illegible. It is stipulated that they made diligent search to find out whether the ground had been previously located, but were unable to find any stakes except the one already referred to; and thereupon the defendant located its claims in good faith and with the belief that the ground located was vacant, unoccupied mineral land of the United States. If this were all the stipulation, such facts would clearly warrant a finding that there were no stakes upon the ground other than the one referred to, but there is the further stipulated concrete fact that at the very time the search was made and the defendant's claims located the Rattler stakes were all in place and were of the size and character required by law.

Defendant confidently relies upon the rule laid down in Flynn Group v. Murphy, 18 Idaho, 266, 109 Pac. 851, 138 Am. St. Rep. 201, where, in case of a similar discrepancy between the calls of the location notice and the stakes on the ground, it was held that the location notice controlled, and the locators were limited to the surface area therein described. But in that case it appears that the adverse claimant had knowledge of the contents of the notice. The reason is not apparent why a claimant should be confined to an erroneous description in his notice in a case where nobody has knowledge thereof and hence has not been misled thereby. The rule followed in the Flynn Group Case involves at least some of the elements of estoppel. It is entirely proper that one who by posting and filing his notice announces to the world the extent of his claim should, where others have acted thereon, be confined to the claim so made. But here the error in the location notice misled no one, and the defendant was not prejudiced thereby. While it is stipulated that its representatives made diligent search, the fact still remains that the plaintiff's claim is now just where it was actually marked on the ground by lawful monuments at the time defendant made its locations.

The rule is well settled that stakes and monuments upon the ground will prevail over the calls of a location notice in case of discrepancy. Sturtevant v. Vogel (C. C. A. 9th 1909) 167 Fed. 448, 93 C. C. A. 84; McElvoy v. Hyman (Hallett C. C. 1885) 25 Fed. 596, 599; Book v. Justice Mining Co. (Hawley C. C. 1893) 58 Fed. 106, 115; Meydenbauer v. Stevens (Delaney D. C. 1897) 78 Fed. 787; Smith v. Newell (Marshall C. C. 1898) 86 Fed. 56, 58; Meyer, C. R. M. Co. v. Steinfield (1905) 9 Ariz. 245, 80 Pac. 400; Upton v. Santa Rita (1907) 14 N. M. 96, 89 Pac. 275; Pollard v. Shively (1880) 5 Colo. 309; Cuilacott v. Cash G. M. Co. (1885) 8 Colo. 179, 6 Pac. 211.

And this rule applies even in the case of patent descriptions. 10

Fed. Stat. Ann. 235 (Act. April 28, 1904, c. 1796, 33 Stat. 545 [U. S. Comp. St. Supp. 1909, p. 553]).

I am inclined of the view that where, as in this case there is no evidence of fraud, and where there is a variance between the calls of the location notice and the lines of the claim as actually staked upon the ground, and the monuments and stakes fully comply with all statutory requirements and are in place, the locator is not limited to the claim as described of record, unless a subsequent locator has knowledge of such description and acts thereon. This view seems to be in harmony with certain expressions in Sturtevant v. Vogel (C. C. A. 9th) 167 Fed. 448, 453, 93 C. C. A. 84, 89, where it was said:

"There is no evidence in the case to indicate, and it is not claimed by the plaintiff in error, that he was misled by the defects in the recorded notice of location, or that he ever saw or heard of the location notice. Indeed, he testified that he never saw it. In view of that fact, the case as it went to the jury stood precisely as it would have stood, if no notice whatever of the location had been recorded."

For the reasons stated, it is thought that plaintiff should prevail, and decrees will be entered in accord with the prayers of the several complaints.